## Amanda Scott v. The State.

Murder. *Indictment. Assault and battery.*

  A statutory indictment for murder does not embrace a charge of assault and battery with intent to murder; and if the accused is convicted of the latter offence, the judgment should be arrested. *Moore* v. *The State*, 59 Miss. 25, cited.

Appeal from the Circuit Court of Marshall County.

Hon. J. W. C. Watson, Judge.

A statement of the case is contained in the opinion of the court.

*T. W. Harris* and *R. S. Stith*, for the appellant.

The doctrine declared in the case of *Moore* v. *The State*, 59 Miss. 25, is conclusive of this case. If an assault and battery is not necessarily included in an indictment for murder, under the statute, and the appellant could not be convicted of an offence of which she was not charged, the motion in arrest of judgment was erroneously overruled.

*J. L. Harris*, for the State.

The evidence of the appellant's guilt is overwhelming. She complains that the jury was lenient. If the judgment is reversed her acquittal must follow, because the verdict frees her of the crime of which the proof shows her guilt. It is unusual to find the convicted person gleefully showing

that he is guilty of a higher crime than the one for which he is sentenced.

Chalmers, J., delivered the opinion of the court.

Appellant was indicted in the statutory form for the murder of her husband, the indictment alleging that she " wilfully, feloniously, and of malice aforethought killed and murdered " him. There was no allegation of any assault or battery. Under this indictment she was convicted of an assault and battery with intent to murder. Upon the coming in of the verdict she moved in arrest of judgment upon the ground that she could not lawfully be convicted of the offence found, under the indictment preferred, which motion was by the court over-ruled.

The action of the court was erroneous, as shown by the case of *Moore* v. *The State*, 59 Miss. 25. A party can only be convicted of a lesser offence than the one charged where the lesser is specifically charged as constituting part of the higher, or by an added count, where the lower is necessarily included in the higher. Our statutory indictment for murder does not embrace in words a charge of an assault, nor is an assault necessarily included in an indictment for murder, since murder may be committed without the commission of an assault, as by laying poison or digging a pitfall. The point is distinctly presented and decided in the case cited, *supra*. When the draftsman of an indictment adopts the statutory form of an indictment for murder, he must add a count for assault and battery, if he desires to fall back upon the lesser offence if the party should be acquitted of the greater.

Judgment reversed, verdict set aside, and the appellant remanded to the custody of the sheriff of Marshall County for such action as by the district attorney may be advised.