### SARAH WOODSON v. STATE OF MISSISSIPPI.

### [48 South. 295.]

CRIMINAL LAW AND PROCEDURE. *Misdemeanor. Affidavit charging. Necessity for.*

     A conviction for a misdemeanor must be reversed if not predicated of an indictment or affidavit charging the commission of the crime.

FROM the circuit court of Marshall county.

HON. W. A. ROANE, Judge.

Mrs. Woodson, appellant, was tried and convicted in the circuit court, upon appeal from a justices' court of unlawfully selling intoxicating liquors, sentenced to fine and imprisonment; and appealed to the supreme court.

The affidavit which did service in the justices' and circuit courts as a charge against appellant was in these words:—

"State of Mississippi,

"County of Marshall.

"This day B. D. Rivers came and personally appeared before the undersigned, a justice of the peace in and for said county, and made oath that on the thirty-first day of Dec. 1907, in the city of Holly Springs in said county of Marshall, Sarah Woodson did feloniously sell intoxicating liquors in said city of Holly Springs near Salem Bridge in less quantities than one gallon; and that he was reasons to believe, and does truly believe that said liquors are now deposited, or concealed in some room of the house, or in some part of the premises, wherein said Sarah Woodson dwells, in said city, on Salem street.

"And that this suspicion is not feigned of malice to said Sarah Woodson but is founded on creditable information.

"Whereupon he prays a warrant directing search for said Sarah Woodson.

"B. D. RIVERS.

"Witness my hand and seal this 31st day of Dec., A. D. 1907.

"[SEAL]            Jno. B. Howard, Mayor and J. P."

In the supreme court the appellant sought to reverse the judgment and dismiss the prosecution for the reason, as she contended, that there was no affidavit in the record charging any crime.

*L. A. Smith,* for appellant

The omission of an affidavit is jurisdictional in character. *State v. Morgan,* 79 Miss. 659, 31 South. 338.

The affidavit for a search warrant is a specific convenience arranged by the legislature for a specific purpose; and it was not intended to serve both to get evidence and to be itself the beginning of a prosecution. To construe the affidavit in this case as coming within the requirements of the constitution would be to hold that an affidavit intended to procure a search of suspicious premises is a sufficient indictment to support a conviction.

.The statements in the affidavit in this case were intended to evidence the suspicion and belief that intoxicating liquors were concealed upon appellant's premises; and any averments beyond what was necessary for that purpose must be treated as surplusage. But, if the affidavit in this case was intended by the affiant to charge a crime, it is fatally defective. *Hall v. State,* 91 Miss. 216, 44 South. 826.

*George Butler,* assistant attorney-general, for appellee.

The affidavit which appears in the record sent up to the circuit court on appeal from the court of the justice of the peace, seems to be an affidavit for a search warrant rather than one charging the unlawful sale of intoxicating liquors. However it does sufficiently charge the unlawful sale of intoxicants and this is sufficient under the holdings of *Irby v. State,* 91 Miss 542, 44 South. 801./ It is true that the affidavit does not conclude with the phrase, "against the peace and dignity of the state," and that this court has held, in *Love v. State,* 8 South. 465, in construing sec. 18, art. 6, of the Constitution of 1869, that an affidavit which did not so conclude was fatally defective. Under sec. 18, art. 6, of the constitution of 1869, it was prescribed that *all prosecutions* should conclude with the phrase quoted above; whereas, under our present constitution of 1890, section 169, only *indictments* are required to conclude with such phrase.

No question as to the insufficiency of the affidavit was raised on the trial in the court below. Under the circumstances, it is, doubtful whether the question can now be raised in this court. In *Hall v. State,* 91 Miss. 216, cited by learned counsel for appellant, there was no affidavit at all in the record.

Here we have a record disclosing an affidavit; defective yet amendable, and charging a crime, a warrant on the affidavit, a judgment of the justice of the peace before whom the affidavit was sworn out, and an appeal bond given by appellant on appeal to the circuit court. No question of irregularity of the proceed-

ings was raised at any time during the trial in the court below and the appellant's present contention comes too late. *Short v. State,* 82 Miss. 473, 34 South. 353; *Calhoun v. State,* 86 Miss. 553, 38 South. 660; *Spivery v. State,* 58 Miss. 743.

WHITFIELD, C. J., delivered the opinion of the court.

No affidavit charging any crime is shown by the record to have been produced in either the justice's court or circuit court.

The judgment is reversed, and this prosecution dismissed, without prejudice to the right of the state to begin a proper prosecution.

*Reversed and dismissed.*

