ANNA C. SMITH v. GULFPORT AND MISSISSIPPI COAST TRACTION COMPANY.

[48 South. 295.]

1. STREET RAILWAYS. *Injury to pedestrian. Crossings. Pleadings. Sufficiency of declaration.*

In an action against an electric street railway company, a count in the declaration averring that the defendant had rendered its track dangerous to pedestrians crossing it, at a place much frequented by the public as a crossing, and failed to light the same to warn them of its unsafe condition, whereby the person for whose death the suit was brought stumbled and fell at night on the track near the end of a curve, where the headlight on an approaching car did not show his position, and, being disabled to remove himself therefrom, was killed by a car running at a rapid and grossly negligent speed around the curve, was not demurrable because of its failure to charge, either:

(a) That the crossing was one provided by the defendant; or

(b) That the use of the crossing was known to defendant; or

(c) That the crossing was used by the public generally.

Statement of the case.·

2. SAME.  *Same.*

A second count in the same declaration averring that the defendant had rendered the track dangerous to pedestrians using it for a crossing, at the place mostly used by the public in the most populous part of the city, and failed to light the same to warn persons of its dangerous condition, whereby the person for, whose death the suit was brought fell ·at night upon the track, was thereby disabled to remove himself therefrom, and was struck by an approaching car after the defendant's motorman saw, or could have seen, his helpless condition and that the motorman wantonly and negligently failed to stop the car but permitted the same to strike and kill said person, is not demurrable because it failed to charge, either:

(a) That the crossing was one provided by the defendant; or

(b·) That the use of the place for a crossing was known to defendant; or

(c) That the place was used for a crossing by the public generally.

3. SAME.  *Same.*

A third count in the same declaration averring that the motorman in charge of defendant's car discovered the person for whose death the suit was brought in a helpless condition upon the track in time to have stopped the car before striking and killing him had the brakes and machinery thereon been in working order, but was unable to do so because of their defective condition, is not demurrable for failure to charge specifically the particulars in which the brakes and machinery were defective.

4. SAME.  *Same.*

A fourth count in the same declaration averring that there was no light at the crossing, that the person killed, for whose death the suit was brought, not knowing of its dangerous condition, fell upon the track because of its defects, was thereby rendered unable to remove himself therefrom, and that defendant's failure to light the crossing was the proximate cause of the death, is not demurrable because of its failure to charge facts showing that defendant was under duty to maintain the crossing in a safe condition for pedestrians.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Mrs. Smith, appellant, was plaintiff in the court below; the traction company, operating an electric street railway, appellee,

was defendant there. From a judgment sustaining a demurrer to plaintiff's declaration and dismissing the suit plaintiff appealed to the supreme court.

The first count of the declaration was predicated of the fact that defendant had removed the dirt from under the cross-ties at the place on its track where plaintiff's husband was killed, a place much used as a crossing, and had failed to provide a light to warn pedestrians of the unsafe condition of the place, and that decedent, in going from his work to his sleeping apartments on the night of his death, had to cross the track of defendant at said place, and, on account of the defective condition of the track as aforesaid, deceased stumbled and fell thereon, and while lying in a helpless condition from his fall, just at the end of a curve in said track, where the headlight of the electric car did not throw light across it, a car of defendant, while going at a rapid and grossly negligent speed around said curve, struck and killed decedent, the speed amounting to willful, wanton, and gross recklessness and negligence on the part of the motor- man. The demurrer to the first count assigned as defects therein that plaintiff did not allege that the crossing was one provided or established by defendant, or that it was used as a crossing at the time with the knowledge or consent of defendant, or that it was used as a crossing by the public generally.

The second count alleged that the decedent was killed by a car of defendant in a populous part of the city and at a place most used as a crossing by the public; that the track was defective as set out in the first count; that deceased fell and became unable to extricate himself, and while lying on said track the motorman in charge of the car saw decedent in his helpless condition, or should have seen him by keeping the proper lookout, before the car struck him; and that the motorman was guilty of willful, wanton, and gross negligence in permitting the car to strike him. The demurrer to the second count assigned the same causes as were assigned in the demurrer to the first count.

The third count, in addition to the charges touching the defective and unlighted condition of the crossing and the fall and helplessness of plaintiff as pleaded in the first count, contained the allegation that the motorman in charge of the car discovered decedent on the track in time to have stopped the car before striking him, had the brakes and machinery of said car been in proper working order. The demurrer to the third count assigned as a defect therein that the declaration did not sufficiently describe the crossing, and did not allege in what manner the brakes and machinery were defective.

The fourth count, in addition to the charges touching the defective and unlighted condition of the crossing and the fall and helplessness of plaintiff as pleaded in the first count, alleged that decedent did not know of the excavation caused by the removal of dirt or the consequent defects in the crossing and that the failure of defendant to place a light there, warning pedestrians of the dangerous condition of the track, was the proximate cause of the death of said decedent. The demurrer to the fourth count assigned as a defect therein that it failed to allege facts showing a duty upon defendant to maintain said crossing in a safe condition for pedestrians.

*J. H. Mize,* for appellant.

Appellee would be liable to plaintiff irrespective of whether or not deceased was killed at a regular crossing, as the duty of a motorman to keep a lookout in a populous place for persons liable to be run over is not confined to street crossings alone but is applicable to the entire line of street. *Anniston Electric & Gas Co. v. Elwell* (Ala.), 42 South., 45.

In every phase of the law, we have been able to find, where a motorman ran over a person on a track, after he discovered such person in danger, or should have discovered him, the defendant would be liable for injury to such person, irrespective of whether the person injured was a trespasser, licensee, or at a

place where he had a right to be. *McKillup v. Duluth, St. Paul, etc., R. Co.,* 57 Minn. 408, 5 Am. Electrical Cases, 610.

To run a car with brakes in such condition that the car cannot be stopped when a person is discovered to·be in peril on the track is tantamount to willful, wanton and gross negligence on the part of a railroad company and, under such conditions, the company would be liable for injuring him whether the injury occurred at a regular crossing or not. *Robards v. Spokane, etc., R. Co.,* 23 Wash. 325, 18 Am. Rep. 171. The defects in the brakes and machinery were sufficiently set forth. *Terre Haute Electric R. Co. v. Kiely,* 3 Street R. Reports, 202.

*James H. Neville,* for appellee.

It needs no citation of authorities to support the contention, that in order to hold the defendant liable for the high degree of care required in going over a crossing, the crossing should have been established either by the railroad company or there should have been a permissive use of the track at that place. Neither count in the declaration alleges that the place at which plaintiff was killed was a crossing provided by the railroad company, or any one authorized. It does not charge that the defendant knew that the place was used as a crossing by the public generally, or the fact that it was used as a crossing at all was known to the company. This being the case, no higher degree of care was required of the appellee in operating its cars at that point than was required in the operation of its cars anywhere on its line. There is no allegation in either count of the declaration that the car was being operated at such speed as to bring about the result alleged in the declaration. It is true that the pleader alleges the car was being run at a "very rapid rate of speed," but this is not sufficient. In order to hold the company liable there must be an allegation in the declaration of the rate of speed at which the car was being run at that time, in order that the court may determine whether the act of running the car at that rate of speed was negligence, and the mere conclusion of the pleader that it was run at a rapid rate of speed will not suffice.

There is no allegation that the appellee, or its servants knew

that the public used its track at that particular point as a crossing. The argument of learned counsel for the appellant that the spot where the plaintiff was killed was a public place much frequented as a crossing, carries with it no weight, when the declaration itself fails to charge or allege that the appellee, its servants, agents or employes knew that the place was much frequented as a crossing. The railroad company was not at fault in removing dirt from under its ties at the place in question for the reason that there is no allegation that it was an established crossing, or that the railroad company knew that its track was used as a public crossing at that place, and assented to the same.

The allegation of the third count of the declaration that the machinery of said car was out of order is a mere conclusion of the pleader; it does not state sufficient facts upon which the court could say that the machinery was in a defective condition or out of order. If the appellant seeks to recover because of the defective condition of the brakes or of the machinery, then it is absolutely necessary that the pleader should set out how the brakes were defective; how the machinery was lacking; and what was the trouble with any of the equipment.

In addition to this, there is no allegation in the declaration that the appellee, its agents or servants, knew of the defective condition of the equipment and this must be alleged before the appellee can be held in this class of cases.

The declaration in this case, when carefully and closely examined, shows that Smith was guilty of contributory negligence. He was at a place where he had no right; in other words was a trespasser; he could not cast prudence to the winds and ask the traction company to exercise towards him a greater degree of care for his safety than he exercised himself.

WHITFIELD, C. J., delivered the opinion of the court.

Each one of the counts in this declaration stated a good cause of action, and the demurrer to each and every count should, manifestly, have been overruled.

The judgment is reversed, the demurrer overruled, and the cause remanded.                                    *Reversed.*