## Morris v. State.

### [79 South. 811, Division B.]

CRIMINAL LAW. *Prosecution before justice of the peace. Affidavit charging offense.*

An affidavit charging the offense for which defendant is put upon trial before a justice of the peace, is essential to his jurisdiction, and also to that of the circuit court on appeal, and for want of such affidavit, a conviction by the circuit court will be reversed.

APPEAL from the circuit court of Chickasaw county. HON. J. L. BATES, Judge.

Link Morris was convicted in the circuit court, on appeal from a justice of the peace, and appeals.

The facts are fully stated in the opinion of the court.

*J. E. Harrington,* for appellant.

*Frank Roberson,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Link Morris, the appellant, appeals from judgment rendered by the circuit court of Chickasaw county,

First district, imposing a sentence to pay a fine of fifty dollars and costs, and a thirty-day jail sentence, which was suspended during good behavior. The verdict of the jury was in the following words:

"We, the jury, find the defendant guilty as charged."

This record contains neither an indictment nor an affidavit. It appears that the prosecution originated in the justice of the peace court, but the only thing shown by the record with reference to the jurisdiction and procedure in the justice of the peace court is the following:

"This day this cause came on to be heard, and the defendant entering a plea of not guilty, and after the court having heard all the evidence in the case, it is the opinion of the court that the defendant is guilty as charged, and fined twenty-five dollars and the cost of court.

"This 4/21/1917.     W. M. HELMS, J. P.

"Said defendant, J. L. Morris, feeling aggreived at above judgment, has this day prayed for an appeal to the circuit court of the First district of Chickasaw county, to be held at Houston, Miss., on the second week in October, 1917.

"Bond being filed, with J. R. Priest and A. C. Carter at sureties.

"This 4/21/1917.     W. M. HELMS, J. P."

In the case of *Hall* v. *State,* 91 Miss. 216, 144 So. 826, this court held that an affidavit charging the offense for which the defendant is put upon trial before a justice of the peace is essential to his jurisdiction, and also to that of the circuit court on appeal, and for want of such affidavit a conviction by the circuit court will be reversed. To the same effect, see *Woodson* v. *State,* 94 Miss. 370, 48 So. 295.

Judgment is accordingly reversed, and this prosecution dismissed, without prejudice to the right of the state to begin a proper prosecution.

*Reversed and dismissed.*