BELL *v.* STATE.*

(Division A.   March 12, 1928.)

[115 So. 896.   No. 27021.]

1. INDICTMENT AND INFORMATION. *Assault with intent is not within statutory indictment for murder (Hemingway's Code 1927, sections 1248, 1320).*

   An assault and battery with intent to kill and murder is not within an indictment for murder, in form prescribed by Hemingway's Code 1927, section 1248 (Code 1906, section 1499), so that there may not, under section 1320 (Code 1906, section 1499), be a conviction of such an assault under such an indictment.

2. CRIMINAL LAW. *Defendant, securing reversal of conviction of lesser offense, not included in indictment, may be again tried for the higher offense charged.*

   A conviction of assault with intent to murder under a statutory indictment of murder being reversed on defendant's appeal, he may again be tried for murder.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 262, n. 20; Indictments and Informations, 31CJ, p. 866, n. 96.

APPEAL from circuit court of Lee county.
HON. C. P. LONG, Judge.
Eddie Bell was convicted of assault with intent to kill and murder, and he appeals.   Reversed and remanded.

*Mitchell & Clayton,* for appellant.

Appellant was indicted and tried for murder. The court had no power to sentence him for assault with intent to kill and murder under the indictment for murder. The trial court based its decision in this matter under the provisions of section 1257, Hemingway's Code 1917, section 1320, Hemingway's Code 1927, which is as follows: ''On an indictment for any offense, the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.'' Under this section, the inferior offense must be one, ''necessarily included in the offense with which he is charged in the indictment.'' Our court has held that the offense of ''assault and battery with intent to kill and murder,'' is not necessarily included in charge of murder. In *Scott* v. *State,* 60 Miss. 269, the court said: ''Our statutory indictment for murder does not embrace in words a charge of an assault, nor is an assault necessarily included in an indictment for murder, since murder may be committed without the commission of an assault, as by laying poison or digging a pitfall.'' In *Moore* v. *State,* 59 Miss. 27, the court said: ''There may be manslaughter as well as murder committed where there is no assault, no battery, no wound inflicted, and therefore assault and battery, or assault, is not necessarily included in a charge of murder of which an assault may or may not have been a constituent according to the circumstances. Where an indictment for murder or manslaughter charges an assault and battery or assault, the verdict may be for either, according to proof, but under an indictment for murder or manslaughter under statutory

form it is not allowable to render a verdict for an assault and battery or assault, neither of which is charged in terms by the indictment or necessarily included in the offense charged."

These two cases have never been overruled and certainly settle the question in controversy here. At common law no conviction of offense of less degree than the charge preferred was permitted. So unless the statute above referred to changes this rule, there can be no such conviction as shown in this record.

The verdict of the jury amounted to an acquittal of the murder charge under the instructions of the court. It was also an acquittal of manslaughter and therefore the ruling of the court in *Callicot* v. *State,* 131 Miss. 169; *Huston* v. *State,* 105 Miss. 414; *Goss* v. *State,* 110 So. 208, as to effect of verdict of manslaughter verdict under indictment for murder, is not applicable.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Counsel for appellant filed a motion in arrest of judgment on the ground that under the indictment charging murder appellant could not be found guilty of an assault with intent to kill and murder. They now assign the action of the court in granting this instruction and in overruling the motion in arrest of judgment as error. I think that this contention on the part of appellant is correct and that the judgment in this case must be reversed under the authority of *Scott* v. *State,* 60 Miss. 269, and *Moore* v. *State,* 59 Miss. 27. If the indictment had been drawn so as to charge that the murder was committed by a felonious assault and battery with a deadly weapon, this instruction and the verdict would not have been objectionable, but, inasmuch as the indictment simply charged murder, under the statute this instruction was erroneous.

Counsel for appellant contend that inasmuch as appellant was charged with murder and found guilty of an assault and battery with intent to murder, that this verdict is an acquittal of the charge of murder, and that appellant cannot be placed on trial on the indictment charging him with murder. In *Jones* v. *State,* 144 Miss. 52, Jones was charged by indictment with murder. Upon being put to trial, he was found guilty of manslaughter. On his motion, he was granted a new trial, and again tried for murder. Upon being convicted of murder, he appealed to this court, his contention being that the first verdict of manslaughter was an acquittal of murder. This court held that he was properly tried and convicted of murder; that the first verdict did not acquit him of murder, the court holding that the constitutional provision that, "No person's life or liberty shall be twice placed in jeopardy for the same offense," was not violated. When the judgment of conviction of manslaughter is reversed on the application of the defendant, the cause should be tried *de novo* on the original indictment charging murder. The opinion of the court in this case was upheld by the supreme court of the United States. Under the holding of this court in the *Jones case, supra,* the judgment in this case should be reversed and remanded and the defendant should be put to trial in the circuit court upon the indictment charging him with murder.

SMITH, C. J. The appellant was indicted for murder, and convicted and sentenced for an assault with intent to kill and murder. The indictment is in the form prescribed by section 1431, Code 1906 (section 1248, Hemingway's 1927 Code), and alleges that the appellant "did feloniously, willfully, and of his malice aforethought, kill and murder the deceased." The verdict of the jury was pursuant to an instruction which authorized them to convict the defendant of assault with intent to kill and murder. A motion by the appellant in arrest of judgment was overruled. An assault and battery with intent to

kill and murder is not included in the allegations of this indictment. *Moore* v. *State,* 59 Miss. 27; *Scott* v. *State,* 60 Miss. 268. Consequently, section 1499, Code 1906 (section 1320, Hemingway's 1927 Code),. cannot be here invoked. The judgment of the court below will be reversed; and since, under *Jones* v. *State,* 144 Miss. 52, 109 So. 265, the appellant may again be tried for murder, the cause will be remanded.

*Reversed and remanded.*