RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Jason Hall was indicted and tried on an indictment for burglary of a building. After both sides rested, the State requested and was granted a jury instruction for accessory after the fact to burglary (in addition to the burglary instruction). The jury acquitted Hall of burglary but convicted him of accessory after the fact to burglary. Because Hall was convicted of a crime for which he was not indicted, nor did he waive indictment, we reverse the judgment of conviction and vacate his sentence.

*204
FACTS AND PROCEDURAL HISTORY

¶ 2. Hall was indicted for burglary under Mississippi Code Section 97-17-33. His indictment alleged that he “did willfully, unlawfully, feloniously, and burglariously break and enter a certain building ... wherein there were kept goods, merchandise, or valuable things for use, sale, deposit, or transportation, with the intent to steal therein....” His indictment did not contain a separate count for accessory after the fact to burglary.
¶3. After the State and the defense rested at trial, the State announced that it had a “supplemental instruction,” S-9, for accessory after the fact that it needed to present to the court. Hall objected to S-9. The trial court granted the instruction. Then, the State offered S-10 which covered the elements of accessory after the fact. Hall did not object to S-10, specifically indicating that the lack of objection was due to the fact that S-9 already had been given.[1]
¶ 4. The jury acquitted Hall of burglary, but convicted him of accessory after the fact. Hall filed a post-trial motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. He argued, inter alia, that he was convicted of a crime for which he was never indicted; therefore, the trial court should “set[ ] aside the jury verdict[.]” The trial court denied Hall’s motion, and he filed this appeal.

ISSUE

¶ 5. On appeal, Hall raises the following issues, restated as follows:
I. Whether the trial court erred in granting the State’s requested instruction on accessory after the fact to burglary.
II. Whether the State presented sufficient evidence to convict Hall of accessory after the fact to burglary.
As Issue I is dispositive, we will address only that issue.[2]

ANALYSIS

¶ 6. Hall’s contention that the State was not entitled to a lesser-offense instruction raises a question of law, which this Court reviews de novo. Downs v. State, 962 So.2d 1255, 1258 (Miss.2007) (citing State v. Shaw, 880 So.2d 296, 298 (Miss. 2004)).
¶ 7. Mississippi Code Section 99-19-5(1) provides, in pertinent part, that “[o]n an indictment for any offense the jury may find the defendant guilty of the offense as charged ... or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment_” Miss.Code Ann. § 99-19-5(1) (Rev.2007) (emphasis added). While accessory after the fact is considered a lesser offense of the principal, it is well-established that it “is an entirely separate and distinct offense and not ... a lesser included offense.” Byrom v. State, 863 So.2d 836, 874 (Miss.2003) (quoting Wilcher v. State, 455 So.2d 727, 734 (Miss. 1984) (overruled on other grounds) (emphasis added)). Thus, accessory after the fact “is a distinct crime for which a person cannot be punished unless indicted.” Gangl v. State, 539 So.2d 132, 137 (Miss.
*205 1989) (citing Wilcher, 455 So.2d 727 (Miss. 1984) (overruled on other grounds); Johnson v. State, 477 So.2d 196 (Miss.1985)).
¶ 8. As an exception, the Court has provided that “[a]n accused is entitled to a lesser-offense instruction only where there is an evidentiary basis in the record.” Thomas v. State, 48 So.3d 460, 472 (Miss.2010) (citing McGowan v. State, 541 So.2d 1027, 1028 (Miss.1989)) (emphasis added). In this ease, the State requested the lesser-offense instruction. Because the defendant’s request of a lesser-offense instruction operates as a waiver of indictment, only the defendant, and not the State, may request a lesser-offense instruction. See Griffin v. State, 533 So.2d 444, 448 n. 2 (Miss.1988).
¶ 9. The State was not entitled to S-9 or S-10, which allowed the jury to convict Hall of the lesser offense of accessory after the fact. However, the State argues that Hall waived this issue because he failed to object to S-9 at trial on the same ground as he raises on appeal, and because he failed to object to S-10.[3] Hall’s counsel objected to S-9 and argued, “[ijsn’t that covered basically in the definition of accomplice? .... There’s an instruction on being an accomplice, an aider, an abettor, a presumption of theft, accessory after the fact.” Hall’s objection at trial does not reflect that raised on appeal (that the State was not entitled to the instruction because he was never indicted for accessory after the fact). Thus, the trial court was not called upon to determine whether S-9 was improper for want of indictment on the lesser offense.[4]
¶ 10. Notwithstanding Hall’s inartful objection, the trial court committed plain error when it granted S-9 and S-10. “To constitute plain error, the trial court must have deviated from a legal rule, the error must be plain, clear or obvious, and the error must have prejudiced the outcome of the trial.” Keithley v. State, 111 So.3d 1202, 1204 (Miss.2013) (quoting Cox v. State, 793 So.2d 591, 599 (Miss.2001)). Based on this Court’s precedent that accessory after the fact is a lesser (nonin-cluded) offense of the principal offense and that only the defendant may obtain a jury instruction on a lesser unindicted offense, the trial court “deviated from this legal rule.” The error was “plain, clear or obvious” and “prejudiced the outcome of the trial[,]” for the instructions allowed Hall to be convicted of an offense which the State never secured the right to prosecute.
¶ 11. The result — a defendant convicted of a crime for which he was not indicted-is not new. More than 130 years ago, in Scott v. State, 60 Miss. 268 (1882), Scott was indicted and tried for murder, but was convicted by a jury of “assault and battery with the intent to murder.” On appeal, this Court held that Scott was unlawfully convicted of assault and battery, as she was not indicted for that crime, nor is assault and battery a lesser included offense of murder. Id. The Scott Court reversed the judgment and set aside the verdict. Id.See also Bell v. State, 149 Miss. 745, 115 So. 896, 897 (1928). The *206 Court reached a substantially similar result in Woodson v. State, 94 Miss. 370, 48 So. 295 (1909), and Morris v. State, 118 Miss. 605, 79 So. 811 (1918). In both Woodson and Morris, the Court reversed a judgment of conviction and dismissed the prosecution where no charging document was shown in the record.
¶ 12. In Hailey v. State, 537 So.2d 411, 412 (Miss.1988), Hailey was indicted for “forcible rape” of a thirteen-year-old. “[T]he trial court ... granted an instruction to the jury that it could find Hailey guilty of the lesser included offense of child fondling.” Id. at 413. The jury convicted Hailey of child-fondling. Id. However, because Hailey was not indicted for child-fondling and “child fondling could not be a necessarily included offense of forcible rape[,]” this Court found that “[t]he trial court erred in granting an instruction allowing the jury to consider child fondling. ...” Id. at 416-17 (emphasis added). Hailey’s conviction was “vacated ... [and] remanded for further proceedings not inconsistent with this opinion.” Id.
¶ 13. Scott, Woodson, Morris, and Hailey establish that, upon conviction of a crime for which the defendant was not indicted, the judgment of conviction must be reversed and either set aside (Scott), dismissed (Woodson and Morris), or vacated and remanded (Hailey). The case sub judice is no different, as Hall was convicted of a lesser offense, for which he was not indicted.
¶ 14. The dissent would acquit Hall by reversing and rendering judgment. The fountainhead of this error can be traced to Harris v. State, 723 So.2d 546 (Miss.1998), in which the Court substantially departed from its historical precedent and acquitted Harris by reversing and rendering his conviction for an unin-dicted lesser offense, without citation of authority or overruling Scott, Woodson, Morris, or Hailey. Harris was indicted for three counts of deliberate-design murder. Id. at 547. Based on the evidence presented, the trial court granted Harris a directed verdict as to the murder charges, “but ... allowed the State to proceed on three counts of aggravated assault.” Id. The jury convicted Harris of aggravated assault. The Harris Court opined that the “apparently unqualified” directed verdict as to the murder charges served as a “judgment of acquittal of the charged offense ... [and] acquittal on all uncharged lesser included felony offenses.” Id. at 548-49 (emphasis added). The basis of this flaw is quite apparent — aggravated assault is not a lesser-included offense of murder. See Johnson v. State, 512 So.2d 1246, 1251 (Miss.1987) (overruled on other grounds). Whether the flaw in Harris was the result of paralogism, or otherwise, is of no import — the error vitiates the holding.[5] A “judgment of acquittal [for murder]” should not have served as an acquittal on an uncharged lesser nonin- *207 eluded felony offense, i.e., aggravated assault.
¶ 15. The dissent also cites Gause v. State, 65 So.3d 295 (Miss.2011). Gause was indicted for capital murder with the underlying felony of burglary. Gause, 65 So.3d at 299. At the request of the State, the jury was instructed on the lesser-included offenses of murder and manslaughter, and, “if [the jury] found him guilty of manslaughter, then they were to consider whether he was -also guilty of burglary....” Id. The jury convicted Gause of manslaughter and burglary. Id. But because burglary is not a lesser-included offense of capital murder and Gause was not separately indicted for burglary, the Court reversed his conviction. Id. at 302. Without explanation or citation (like Harris), the Court acquitted Gause of burglary by rendering judgment. Id. The disposition to render was likely the result of the inconsistent verdicts in that case. Gause was convicted of two lesser offenses — one included, one not included — which together constitute capital murder, but the jury acquitted him of capital murder. The paradoxical verdict is readily apparent because of the burglary conviction. Gause is an outlier resulting from an anomalous jury verdict-quintessential jury nullification. This atypical scenario limits Gause’s prece-dential value to the context of capital murder and the nullification verdict in that case.
¶ 16. We focus on two errors in this case. First, the trial court erred in granting instructions S-9 and S-10. Second, the trial erred in denying Hall’s motion for JNOV, which requested that the jury ver-diet of guilty for accessory after the fact be set aside. See supra ¶4. Hall argues that, should this Court find instructions S-9 and S-10 in error, we should “reverse the conviction [and] void the judgment of the circuit court....” After a careful review of prior cases, we are of the opinion that Hall has made the appropriate request. We reverse the judgment of conviction and vacate his sentence. We discern no benefit in remanding this case to the circuit court for further proceedings. As Hall was acquitted of burglary, and there is no charging document (indictment) in the record, no further action is necessary by the trial court.[6] However, we find no legal authority to acquit Hall by reversing and rendering judgment and reject that Harris and Gause require us to do so.

CONCLUSION

¶ 17. As Hall was convicted of a crime for which he was not indicted, we are duty bound to reverse the judgment of conviction and vacate Hall’s sentence.
¶ 18. REVERSED AND VACATED.
WALLER, C.J., DICKINSON, P.J., LAMAR, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. KING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.; CHANDLER, J., JOINS IN PART.

. The State takes issue with the form of Hall’s objection to S-9 and lack of objection to S-10. The State's argument will be addressed infra, ¶¶ 9-10.

. As we vacate Hall's conviction, we need not address Issue II, for to do so would be an exercise in futility. Would we not be required to set aside the verdict even if the State had presented overwhelming evidence of guilt of a crime not charged in the indictment?

. See Morgan v. State, 741 So.2d 246, 253 (Miss. 1999) (citing Watson v. State, 483 So.2d 1326, 1329 (Miss.1986)) ("In order to preserve a jury instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court to consider the issue.”); see also Gillett v. State, 56 So.3d 469, 520 (Miss.2010) (citing Howell v. State, 860 So.2d 704, 756 (Miss.2003)) ("[T]his Court repeatedly has held that failure to object contemporaneously at trial waives any claim of error on appeal.”)

. See Parker v. Miss. Game & Fish Comm’n, 555 So.2d 725, 730 (Miss.1989) ("A trial judge will not be put in error on a matter which was not presented to him for his decision.”)

. The dissent relies on the following Harris dicta, "[t]he State cannot be allowed to charge only the highest offense and then test the evidence as it goes along until the burden of some lesser offense is met.” Harris, 723 So.2d at 549. The Harris opinion in this regard reflects what has been described by Professor Michael Hoffheimer as "[the justice’s] personal belief that when the [S]tate charges a serious crime, it should not be able to win a conviction of a less serious one.” Michael H. Hoffheimer, Lesser Included Offenses in Mississippi, 74 Miss. LJ. 135, 143 (2004). Without speculating as to a justice’s "personal beliefs[,]” the same justice continued unsuccessfully to advance a similar position in other cases. See Wolfe v. State, 743 So.2d 380, 388 (Miss.1999) (McRae, J., concurring in part and dissenting in part); Arthur v. State, 735 So.2d 213, 221 (Miss.1999) (McRae, J., concurring in part and dissenting in part); Shields v. State, 722 So.2d 584, 590 (Miss.1998) (McRae, J., dissenting).

. See Hailey, 537 So.2d at 419 (Robertson, J., concurring) ("I concur in the majority’s directive that the case be reversed and remanded 'for further proceedings not inconsistent with this opinion’ — so long as it be understood clearly that there are no further proceedings that may be had consistent 'with this opinion.’"). Justice Robertson recognized the same principle we do today — that, absent an indictment, there is no need for further proceedings in this case. Contrary to the suggestion of the dissent, Justice Robertson did not call for reversing and rendering the judgment of conviction.