# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00226-SCT

*JASON HALL a/k/a JASON LADELL HALL a/k/a*
*JASON L. HALL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2017 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| TRIAL COURT ATTORNEYS: | SAMUEL STEVEN McHARD |
| | WILSON DOUGLAS MINOR |
| | MARCUS A. McLELLAND |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SAMUEL STEVEN McHARD |
| | MARCUS A. McLELLAND |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LEE DAVIS THAMES, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 02/01/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHAMBERLIN AND ISHEE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The sole issue presented is the interpretation of Mississippi Code Section 11-44-7, which provides the method for determining attorney's fees in a wrongful conviction and imprisonment case. The trial court held that the statute sets out an escalation of fees tied to each stage of the case, capping the fee award at 25%. We agree.

## FACTS AND PROCEDURAL HISTORY

¶2.     This Court reversed and vacated Jason Hall's conviction of accessory after the fact. *Hall v. State*, 127 So. 3d 202 (Miss. 2013) (*Hall I*). Hall then sued the State under the Wrongful Conviction and Imprisonment Act, Mississippi Code Section 11-44-1, *et seq*. Hall appealed the grant of summary judgment in favor of the State, and this Court reversed the trial court's judgment and remanded the matter for further proceedings. *Hall v. State*, 187 So. 3d 133 (Miss. 2016) (*Hall II*). Hall subsequently was awarded $126,507.00 for the wrongful incarceration pursuant to Mississippi Code Section 11-44-7(2)(a). At a subsequent hearing to determine attorney's fees, Hall's attorneys were granted $31,626.75–calculated at 25% of the amount awarded to Hall.[1] Hall argues on appeal that the trial court misconstrued the statute for calculating the attorney's fee award.

## STANDARD OF REVIEW

¶3.     "Statutory interpretation is a matter of law which this Court reviews de novo." *Lutz Homes, Inc. v. Weston*, 19 So. 3d 60, 62 (¶ 8) (Miss. 2009).

## DISCUSSION

¶4.     The interpretation of the following statute is at issue:

> If the court finds that the claimant was wrongfully convicted and incarcerated pursuant to subsection (1) of this section, the court shall award: . . . (b) Reasonable attorney's fees for bringing a claim under this chapter calculated at ten percent (10%) of the amount awarded under paragraph (a) of this subsection for preparing and filing the claim, twenty percent (20%) for litigating the claim if it is contested by the Attorney General, and twenty-five percent (25%) if the claim is appealed, plus expenses. These fees shall not be

---

[1]The trial court also ordered the State to pay attorney expenses of $3,460.90; that award is not contested by either party on appeal.

deducted from the compensation due the claimant, nor is counsel entitled to receive additional fees from the client for a claim under this section.

Miss. Code Ann. § 11-44-7(2)(b) (Rev. 2012).

¶5. For statutory interpretation, the initial inquiry is whether the statute at issue is ambiguous. ***Miss. Ins. Guar. Ass'n v. Cole ex rel. Dillon***, 954 So. 2d 407, 412–13 (¶ 20) (Miss. 2007). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." ***Lawson v. Honeywell Int'l, Inc.***, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011) (citations omitted). However, "[o]ur primary goal in interpreting statutes is 'to adopt that interpretation [that] will meet the true meaning of the Legislature.'" ***Legislature v. Shipman***, 170 So. 3d 1211, 1215 (¶ 14) (Miss. 2015). "Our duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." ***Corp. Mgmt., Inc. v. Greene Cty.***, 23 So. 3d 454, 465 (¶ 26) (Miss. 2009).

¶6. Hall argues that the word "*and*,"[2] which is used as the coordinating conjunction to join the three phrases, operates in the conjunctive, thereby requiring the three percentages to be added together–should each condition be met (*i.e.*, the claim is filed, litigated, and appealed). The State in response states that the statute lays out a "three-tier scenario" with increased percentages according to the stage at which a case was settled or paid: filed, 10%; litigated, 20%; and appealed, 25%.

---

[2]The "*and*" to which Hall refers is located in the statute here: "contested by the Attorney General, *and* twenty-five percent (25%) . . . ." Miss. Code Ann. § 11-44-7(2)(b) (emphasis added).

¶7.    "This Court frequently looks to dictionaries to ascertain the meaning of a word in its common or popular sense." *Lawson*, 75 So. 3d at 1028 (¶ 9). One of the dictionary definitions of the word "*and*" is "used to connect alternatives." *And*, Random House Webster's Unabridged Dictionary 1989 (2d ed. 2001); *see also **Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.**,* 520 F.3d 1358, 1362 (Fed. Cir. 2008) (citing *Webster's Third New International Dictionary* (2002)) ("[T]his court notes that dictionary definitions of *and*, while most often listing the additive sense as the most common usage of the term, also show usage of the term to connote alternatives."). The use of the word "*if*" to create conditional clauses–such as, "*if* the claim is appealed"–along with the lack of any other potentially additive language, reflects the Legislature's intent to use "*and*" to connect alternatives rather than aggregate numbers. In other words, the word "*and*" creates a sliding scale for calculating the fee award. As a result, the plain language of the statute does not require the percentages to be added together if the subsequent conditions are met.

## CONCLUSION

¶8.    Mississippi Code Section 11-44-7(2)(b) creates a sliding scale with increased percentages at each stage of the case (*i.e.*, when the claim is filed, litigated, and appealed). A plain reading of the statute does not aggregate those percentages for calculating the attorney's fee award. Accordingly, this Court affirms the judgment of the Circuit Court of Forrest County.

¶9.    **AFFIRMED.**

**RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**