# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CC-01057-SCT

*VICKSBURG HEALTHCARE, LLC d/b/a MERIT*
*HEALTH RIVER REGION*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF*
*HEALTH AND WOUND CARE MANAGEMENT,*
*LLC d/b/a MEDCENTRIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2018 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| TRIAL COURT ATTORNEYS: | THOMAS L. KIRKLAND, JR. |
| | ALLISON C. SIMPSON |
| | BEA TOLSDORF |
| | JULIE B. MITCHELL |
| | STAN T. INGRAM |
| | CASSANDRA WALTER |
| | INGRID DAVE WILLIAMS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS L. KIRKLAND, JR. |
| | ANDY LOWRY |
| | ALLISON C. SIMPSON |
| | BEA TOLSDORF |
| ATTORNEYS FOR APPELLEES: | INGRID DAVE WILLIAMS |
| | CASSANDRA WALTER |
| | STAN T. INGRAM |
| | TRAVIS CONNER |
| | JULIE B. MITCHELL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REMANDED - 03/19/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. The Mississippi State Department of Health entered a final order approving a Certificate of Need for Wound Care Management, LLC, d/b/a MedCentris for the "[p]rovision of [d]igital [s]ubtraction [a]ngiography (DSA) services (Limb Salvage Program)." Vicksburg Healthcare, LLC, d/b/a Merit Health River Region—a hospital in Vicksburg that opposes the certificate of need—appealed the Department's statutorily affirmed decision pursuant to Mississippi Code Section 41-7-201(2) (Rev. 2018). After considering the record and issues presented, we entered an order on our own motion requiring supplemental briefing regarding whether Section 41-7-201(2), as amended, governs the appeal process pertaining to facilities established for the private practice, either independently or by incorporated medical groups of physicians. We hold that River Region lacked the right to petition the chancery court for review of the certificate of need under Section 41-7-201(2). Accordingly, we dismiss the case and remand it to the Hinds County Chancery Court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. On May 27, 2016, MedCentris, an LLC consisting of a medical doctor, a veterinarian, and other individuals submitted a certificate of need application for providing in-office digital subtraction angiography services to patients in and around Vicksburg, Mississippi. The Division of Health Planning and Resource Development prepared a staff analysis in accordance with the 2015 State Health Plan, a plan that governs the criteria and standards for the provision of digital subtraction angiography services. The staff analysis found that the proposed "project is in substantial compliance with the criteria and standards for the

2

provision of digital subtraction angiography services contained in the *FY 2015 Mississippi State Health Plan; the Mississippi Certificate of Need Review Manual, (2011 Revision)*; and duly adopted rules, procedures, and plans of the Mississippi Department of Health." The staff analysis recommended approval of the application.

¶3.     River Region opposed the grant and requested a hearing under Mississippi Code Section 41-7-197(2) (Rev. 2018). A multiple-day hearing was held before Hearing Officer Janet McMurtry. On August 14, 2017, the hearing officer issued findings of fact and conclusions of law. The hearing officer found that MedCentris' application met the general requirements of the digital subtraction angiography certificate of need and recommended approval of the application.

¶4.     On September 28, 2017, State Health Officer Dr. Mary Currier issued a letter, constituting the Department's final order. Currier granted MedCentris' application for a certificate of need, finding that MedCentris' application was "in substantial compliance with the Mississippi State Department of Health's adopted Plans, criteria and standards." Under Mississippi Code Section 41-7-201(2), River Region appealed to the chancery court. River Region argued that, among other things, MedCentris' project failed to meet the general criteria of the 2015 State Health Plan to improve Mississippians' health and to increase healthcare access.

¶5.     On January 26, 2018, the chancery court held a hearing and heard oral arguments. The chancery court ruled from the bench, vacated the Department's order, and remanded the

matter. The chancery court asked counsel for River Region to prepare an order and explained that

> [T]he [chancery c]ourt's intent is not to, of course, suggest anything to the [Department], but to have specific findings of fact as to specifically what [MedCentris] has an opportunity to do or what they're authorized to do. The specifics. So this is not so much a reversal, but a remand for clarification.

On the same day, the chancery court entered a written order vacating the Department's final order and remanding the matter "for further consideration of whether a DSA certificate of need is for the provision of surgical procedures and/or diagnostic imaging services and for clarity as to the types of procedures and/or services MedCentris shall be able to perform in its clinic under the DSA CON."

¶6. As directed, on February 26, 2018, the State Health Officer issued a letter to serve as the final order of the Department. On April 24, 2018, the Department filed its final order of February 26, 2018, as a response to the chancery court. On April 30, 2018, River Region filed a motion to strike the Department's order and requested that the matter be remanded for additional administrative hearing proceedings. MedCentris filed a response and a competing motion to strike. On July 5, 2018, the chancery court denied both motions to strike and ordered the appeal to proceed. However, Mississippi Code Section 41-7-201(2)(c) (Rev. 2018) requires that a final order affirming or reversing the Department be entered within 120 days. Because the chancery court did not enter a final order within 120 days, the parties agreed that the Department's final order of February 26, 2018, was statutorily affirmed. Therefore, the present appeal proceeded from the final order of February 26, 2018.

4

¶7. On Tuesday, September 17, 2019, the Court, after considering the record and issues presented, determined that supplemental briefing was required. We ordered the parties and the Mississippi State Department of Health to address four issues. Two of the four issues are dispositive. The first of the two dispositive issues is whether MedCentris' proposed clinic is a "health care facility" as defined by Section 41-7-173(h) (Rev. 2018). The last dispositive issue presented is whether, if MedCentris' clinic is not a "health care facility" as defined by Section 41-7-173(h), the Court has jurisdiction over the appeal.

## STANDARD OF REVIEW

¶8. "For statutory interpretation, the initial inquiry is whether the statute at issue is ambiguous." *Hall v. State*, 241 So. 3d 629, 631 (¶ 5) (Miss. 2018) (citing *Miss. Ins. Guar. Ass'n v. Cole ex rel. Dillon*, 954 So. 2d 407, 412-13 (¶ 20) (Miss. 2007)). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Id.* at 631 (¶ 5) (internal quotation marks omitted) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011)).

## DISCUSSION

¶9. The Supreme Court in all cases is bound to inquire into its own jurisdiction, and decline to exercise a power not conferred upon it by law. And, if the question of jurisdiction is not raised by either of the parties to a cause, it is the duty of the Supreme Court to raise it of its own motion.

*Drummond v. State*, 184 Miss. 738, 185 So. 207, 209 (1938) (internal quotation marks omitted) (quoting *Miss. State Highway Dep't v. Haines*, 162 Miss. 216, 139 So. 168, 171 (1932)).

**I.  Whether MedCentris is a health care facility as defined by Section 41-7-173(h).**

¶10.   Mississippi Code Section 41-7-173(h) defines a "health care facility" as follows:

> (h) "Health care facility" includes hospitals, psychiatric hospitals, chemical dependency hospitals, skilled nursing facilities, end-stage renal disease (ESRD) facilities, including freestanding hemodialysis units, intermediate care facilities, ambulatory surgical facilities, intermediate care facilities for the mentally retarded, home health agencies, psychiatric residential treatment facilities, pediatric skilled nursing facilities, long-term care hospitals, comprehensive medical rehabilitation facilities, including facilities owned or operated by the state or a political subdivision or instrumentality of the state, but does not include Christian Science sanatoriums operated or listed and certified by the First Church of Christ, Scientist, Boston, Massachusetts. *This definition shall not apply to facilities for the private practice, either independently or by incorporated medical groups, of physicians*, dentists or health care professionals except where such facilities are an integral part of an institutional health service.

Miss. Code. Ann. § 41-7-173(h) (Rev. 2018) (emphasis added).

¶11.   River Region argues that MedCentris' proposed clinic does not constitute an "office of private physicians" because MedCentris is an LLC made up of a mixture of a doctor, a veterinarian, and others who will not actually practice at the clinic.  However, the statute contains no specific requirements or qualifications for the owners of a private office.  Indeed, "th[e] [Mississippi State] Board [of Medical Licensure] [chose] not to concern itself with the form or type of business arrangements entered into . . . ."  Mississippi State Board of Medical Licensure Policies 3.02 (Sept. 2019),

https://www.msbml.ms.gov/sites/default/files/Policies/9-20-19Policies.pdf.

¶12.   MedCentris unequivocally stated in its application that it is a private physician clinic.  MedCentris argues that it "is clearly a private physician practice, . . . and therefore falls squarely into the exception to the health care facility classification."  Moreover, the

6

Department, in its determination of whether MedCentris qualified as a "health care facility" stated, "MedCentris is *not* a health care facility as defined by Miss. Code Ann. § 41-7-173(h)." (Emphasis added.) The Department continued, explaining that "taking these [statutory] words at their face value, since health care facilities do not include facilities for private practice, . . . MedCentris is not a 'health care facility.'" We agree.

¶13. "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute . . . ." *Hall*, 241 So. 3d at 631 (¶ 5) (internal quotation marks omitted) (quoting *Lawson*, 75 So. 3d at 1027 (¶ 7)). Because it is a private physician practice, MedCentris does not qualify as a "health care facility" as defined by Section 41-7-173(h)(i-ix).

**II.     If MedCentris is not a "health care facility" as defined by Section 41-7-173(h), does the Court have jurisdiction over the appeal under Mississippi Code Section 41-7-201(2)?**

¶14. Mississippi Code Section 41-7-201(2) governs the appeal process and provides, in relevant part

> (2) The provisions of this subsection (2) shall apply to any party appealing any final order of the State Department of Health pertaining to a certificate of need for any *health care facility* as defined in Section 41-7-173(h), . . .
>
> > (c) . . . If the chancery court has not rendered a final order within this one-hundred-twenty-day period, then the final order of the State Department of Health shall be deemed to have been affirmed by the chancery court, and any party to the appeal shall have the right to appeal from the chancery court to the Supreme Court on the record certified by the State Department of Health as otherwise provided in paragraph (g) of this subsection. In the event the chancery court has not rendered a final order within the one-hundred-twenty-day period and an appeal is made to the Supreme Court as provided herein, the Supreme Court shall

7

remand the case to the chancery court to make an award of costs, fees, reasonable expenses and attorney's fees incurred in favor of appellee payable by the appellant(s) should the Supreme Court affirm the order of the State Department of Health.

. . . .

(f) The court may dispose of the appeal in termtime or vacation and may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part and may make an award of costs, fees, expenses and attorney's fees, as the case may be; but in case the order is wholly or partly vacated, the court may also, in its discretion, remand the matter to the State Department of Health for such further proceedings, not inconsistent with the court's order, as, in the opinion of the court, justice may require. The court, as part of the final order, shall make an award of costs, fees, reasonable expenses and attorney's fees incurred in favor of appellee payable by the appellant(s) should the court affirm the order of the State Department of Health . . . .

Miss. Code. Ann. § 41-7-201(2) (Rev. 2018) (emphasis added).

¶15.    Both River Region and MedCentris agree that the Court should abide by an implicit precedent of hearing appeals under Mississippi Code Section 41-7-201(2)(f) and list three cases to support their position. *See **Miss. State Dep't. of Health v. Baptist Mem'l Hosp.-DeSoto, Inc.***, 984 So. 2d 967 (Miss. 2008) (hearing an appeal of a certificate of need brought before the Mississippi Supreme Court pursuant to Mississippi Code Section 41-7-201(2)(f)); ***Oktibbeha Cty. Hosp. v. Miss. State Dep't. of Health***, 956 So. 2d 207 (Miss. 2007) (hearing an appeal of a certificate of need brought before the Mississippi Supreme Court under Mississippi Code Section 41-7-201(2)(f)); ***Open MRI, LLC v. Miss. State Dep't of Health***, 939 So. 2d 813 (Miss. Ct. App. 2006) (hearing an appeal of a certificate of need assigned to the Mississippi Court of Appeals under Mississippi Code Section 41-7-201(2)(f)).

¶16.     River Region argues the Mississippi Supreme Court and the Court of Appeals created an implicit precedent that certificate-of-need appeals are proper under Section 41-7-201(2). We agree with River Region that the facts in the above cases are analogous to the facts here. However, as discussed below, we disagree with River Region's assertion that the Court has jurisdiction through implicit precedent.

¶17.     River Region cites *Caves v. Yarbrough*, 991 So. 2d 142, 152 (¶ 38) (Miss. 2008), to support its argument that implicit precedent, even if incorrect, binds the Court.  The *Caves* Court explained,

> Thus, our precedent applying *stare decisis* may be summed up as follows: Even though this Court's previous interpretation of a statute was (in the current Court's view) erroneous, we must continue to apply the incorrect interpretation unless we consider it "pernicious," "impractical," or "mischievous in . . . effect, and resulting in detriment to the public."

*Id.* (citation omitted).

¶18.     River Region argues that the Court unanimously reiterated the *Caves* holding in *Rankin County Board of Supervisors v. Lakeland Income Properties, LLC*, when it explained, "[W]e will nevertheless continue to apply the previous [statutory] interpretation, pursuant to the doctrine of stare decisis, upon finding the Legislature amended or reenacted the statute without correcting the prior interpretation." *Rankin Cty. Bd. of Supervisors v. Lakeland Income Props., LLC*, 241 So. 3d 1279, 1283 (¶ 13) (Miss. 2018) (alterations in original) (internal quotation marks omitted) (quoting *Caves*, 991 So. 2d at 153 (¶ 43)).  River Region argues that even if we find that the Court previously interpreted Mississippi Code

9

Section 41-7-201(2) incorrectly, we should, nonetheless, abide by the previous interpretations based on the reasoning in *Caves* and *Lakeland*.

¶19.    River Region points out that the Legislature amended Mississippi Code Section 41-7-201 after the Court heard *Mississippi State Department of Health v. Baptist Memorial Hospital-DeSoto, Inc.*, 984 So. 2d 967 (Miss. 2008), and *Oktibbeha County Hospital v. Mississippi State Department of Health*, 956 So. 2d 207 (Miss. 2007). However, none of the cited cases interpreted the appeal statute as it pertains to the question of jurisdiction. In order to apply a previous interpretation of a statute, a court must have previously interpreted the statute.

¶20.    Our Court interpreted the language only once in the context of jurisdiction in *Dialysis Solutions, LLC v. Mississippi State Department of Health*, 96 So. 3d 713, 720 (¶ 15) (Miss. 2012). The *Dialysis* Court determined "that[] because the direct appeal of MDH's final order to this Court impermissibly confer[red] original jurisdiction upon this Court, then Section 41-7-201, as amended, 'appears beyond all reasonable doubt to violate the Constitution.'" *Id.* (quoting *State v. Bd. of Levee Comm'rs for Yazoo–Miss. Delta*, 932 So. 2d 12, 19 (¶ 13) (Miss. 2006)).

¶21.    Because *Dialysis* is the only case interpreting the statute in the jurisdictional context, it is the only case that could apply to the instant appeal pursuant to the reasoning in *Caves* and *Rankin County*. However, the *Dialysis* Court interpreted Mississippi Code Section 41-7-201(2) to determine whether a direct appeal to the Court was Constitutional. *Dialysis Sols., LLC*, 96 So. 3d at 718 (¶ 9). True, the Legislature amended the statute after the

10

*Dialysis* Court interpreted it, but here, the jurisdictional issue is different. The legislative ratification of a judicial decision that does not pertain to the issue at hand does not bind the Court. The reasoning applies today.

¶22.    The interpretation in *Dialysis* would bind the Court pursuant to the reasoning in *Caves* and *Rankin County* if the *Dialysis* Court had interpreted Mississippi Code Section 41-7-201(2) to determine if the statute conferred jurisdiction of certificate of need appeals pertaining to private health care facilities. It did not. Today's issue of whether Mississippi Code Section 41-7-201(2) confers jurisdiction to the Court as it applies to facilities for the private practice, either independently or by incorporated medical groups, of physicians, dentists or health care professionals is an issue of first impression. Therefore, *Dialysis* does not bind the Court pursuant to the reasoning in *Caves* or *Rankin County*. Thus, a ruling that the Court lacks jurisdiction over the instant appeal would be the beginning of precedent, not its end.

¶23.    Both parties also argue that if implicit precedent does not bind the Court then legislative history should dictate our decision. MedCentris argues that "application of a strict construction reading of th[e] [appeal statute] would render the instant appeal invalid, as it provides *only for appeals by health care facilities,* of which [MedCentris] is not one." (Emphasis added.) Interestingly enough, one paragraph later, MedCentris also agrees with River Region's assertion that the Court should apply the legislative intent behind the appeal statute. MedCentris' argument is puzzling. First, it acknowledges that a plain language

11

reading of the statute would render the instant appeal invalid, and, then, in the very next paragraph, it argues that the Court should hear the appeal nonetheless.

¶24.    River Region's and MedCentris' request that we reference and effectuate the intent of the Legislature would be well placed if the statute were ambiguous. It is not. "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." **Hall**, 241 So. 3d at 631 (¶ 9) (quoting **Lawson**, 75 So. 3d at 1027 (¶ 7)).

¶25.    Mississippi Code Section 41-7-173(h)(i-ix) defines "health care facilities" using an exhaustive list and creates an exception to the definitions. Miss. Code. Ann. § 41-7-173(h) (Rev. 2018). Mississippi Code Section 41-7-173(h) provides, in relevant part "[t]his definition *shall not* apply to facilities *for the private practice* either independently or by incorporated medical groups, of physicians . . .." Miss. Code. Ann. 41-7-173(h) (Rev. 2018) (emphasis added). The Court finds no ambiguity in the plain language of the statute and need not reference legislative intent. Therefore, a logical progression ensues. Because MedCentris falls "squarely into the exception to the health care facility classification" as defined by Mississippi Code Section 41-7-173(h), the appeal statute, Mississippi Code Section 41-7-201(2)(a-h), does not apply to the case *sub judice* or to any appeal pertaining to the granting or denying of a certificate of need to the private practice of physicians. The non-applicability of the statute further means that the statutory affirmance of the Department of Health's order never occurred—although neither at any time has the Department's order been reversed.

12

## CONCLUSION

¶26.    The plain language of Mississippi Code Section 41-7-201(2) does not govern the appeal process pertaining to private physician clinics.  Accordingly, it does not grant jurisdiction for a review of the Department's determinations pertaining to the granting or denying of a certificate of need to the private practice of physicians.  The Court remands the matter to allow the parties to argue alternative grounds for chancery court jurisdiction, if any.

¶27.    **REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**