MAXWELL, J.,
for the Court:
¶ 1. In 2009, the Mississippi Legislature created a statutory right to compensation by the State for “innocent people” wrongfully convicted and imprisoned. The following year, Dennis Jefferson petitioned for statutory compensation. Jefferson claimed he was entitled to compensation because this court reversed his burglary conviction in 2008 and, under the direct-remand rule, remanded his case to the circuit court for resentencing for the lesser-included crime of willful trespass. Because the Legislature did not expressly provide for compensation when reversal of a conviction results in a direct remand for sentencing on a lesser-included crime, we affirm the circuit court’s dismissal of Jefferson’s compensation claim.
BACKGROUND
I. Mississippi’s Compensation Act for Wrongful Conviction and Imprisonment
¶ 2. In 2009, the Legislature enacted a civil procedure for “innocent people” wrongfully convicted and imprisoned to be financially compensated for “the particular and substantial horror of being imprisoned for a crime one did not commit.” Miss. Code Ann. § 11-A4-1 (Supp.2011). Jurisdiction lies in the circuit court where the conviction occurred, and the defendant is the State, represented by the Attorney General’s Office. Miss.Code Ann. § 11-44-5 (Supp.2011). “Persons convicted, incarcerated and released from custody pri- or to July 1, 2009, shall commence an action under this chapter not later than June 30, 2012.” Miss.Code Ann. § 11-44-9(1) (Supp.2011). Otherwise, an action *711 “shall be commenced within three (3) years after either the grant of a pardon or the grant of judicial relief and satisfaction of other conditions described in [sjection 11-44-3(1).” Id.
¶ 3. Pursuit of a claim under this statute is in lieu of a claim under the Mississippi Tort Claims Act (MTCA) and is not subject to the same immunities or notice provisions of the MTCA. Miss.Code Ann. §§ ll-14-7(4)-(5), 11-14-9(2) (Supp.2011). But “[a]ny claimant who receives compensation under this chapter shall sign a release from all claims against the state regarding the incarceration for which the claimant receives compensation.” Miss. Code. Ann. § 11-44-15 (Supp.2011).
¶ 4. Mississippi Code Annotated section 11-44-3 (Supp.2011) sets forth what a claimant must establish in order to survive dismissal by the circuit court. If a claimant establishes a claim under section 11-44-3, he must then meet the burden of proof under Mississippi Code Annotated section 11-14-7(1) (Supp.2011). If a claimant meets this burden, he or she is entitled to “Fifty Thousand Dollars ($50,000.00) for each year of incarceration regardless of the number of felonies for which a claimant was convicted” and reasonable attorney’s fees. Miss.Code Ann. § 11-44-7(2) (Supp.2011).
II. Jefferson’s Burglary Conviction and Appeal
¶ 5. Jefferson was charged with violating Mississippi Code Annotated section 97-17-23(1) (Rev.2006), which criminalizes “burglary of a dwelling house.” Jefferson v. State, 977 So.2d 431, 435 (¶10) (Miss.Ct. App.2008). After a jury trial, he was found guilty of burglary of a building other than a dwelling under Mississippi Code Annotated section 97-17-33 (Rev.2006), which the State incorrectly argued was a lesser-included offense. Jefferson, 977 So.2d at 435 (¶ 10) & n. 2. Jefferson was sentenced to seven years’ imprisonment and ordered to pay a $10,000 fíne. Id. at 436 (¶ 11).
¶ 6. On direct appeal, this court reversed Jefferson’s conviction and sentence because the evidence was not legally sufficient to convict Jefferson of either dwelling-house or non-dwelling-house burglary. Id. at 437 (¶¶ 14-16). We found it was “clear there was a theft from an open, freestanding structure, and a possible entry of a freestanding shed.” Id. at 457 (¶ 16). But because the shed was not attached to the house, we held there could be no “burglary of a dwelling.” Id. at 438 (¶ 18). We also found the evidence insufficient to establish a burglary of a “non-dwelling house” because there was no evidence of a breaking and entering. Id. at 437 (¶ 16).
¶ 7. However, because “[i]mplicit in every conviction of burglary ... is a finding that the defendant committed a trespass,” this court, under the direct-remand rule, remanded the case to the Yazoo County Circuit Court for resentencing for willful trespass. Id. at 437-38 (¶¶ 17-18). We held:
Viewing the proof in a light most favorable to the prosecution, we find that the evidence presented at trial was sufficient to uphold a finding of guilty upon a charge of trespass. This conclusion stems from either Jefferson’s participation as a principle in the trespass, which could be gleaned from Coleman’s testimony, or as an aider and abetter as a result of Huffman’s testimony.
Id. at (¶ 18).
III. Jefferson’s Petition for Compensation
¶ 8. On June 23, 2010, Jefferson filed pro se a “Petition Pursuant to SB 3024” in the Yazoo County Circuit Court, the court *712 where he had been convicted of burglary. Senate Bill 3024[1] was codified as Mississippi Code Annotated sections 11 — 44-1 to 11-44-15. The circuit court correctly recognized that Jefferson had filed a petition for compensation for wrongful conviction.
¶ 9. Jefferson named as defendants the State of Mississippi, Yazoo County, the Yazoo County District Attorney, and an unspecified Yazoo County supervisor. But there is no evidence these entities or persons were served with process, and none filed a response. Jefferson attached no exhibits to his petition, but he did specifically reference this court’s published opinion that reversed his sentence for burglary and directly remanded the case for him to be sentenced for criminal trespass. Jefferson alleged he had served approximately twenty months in the custody of the Mississippi Department of Corrections before his release on April 16, 2006, two weeks after the mandate to resentence him was issued.[2]
¶ 10. Jefferson claimed he was wrongfully convicted and sentenced. He requested $50,000 in compensation and a declaratory judgment that his due-process rights were violated. He also requested appointed counsel[3] and permission to amend his complaint.[4]
¶ 11. On November 22, 2010, the circuit court issued an order finding Jefferson’s petition failed to comply with section 11-44-3. The circuit court dismissed the entire petition as improper.
¶ 12. Though no motion for reconsideration appears on the circuit court’s docket or in the record,[5] the circuit court did enter an order denying Jefferson’s motion for reconsideration on January 20, 2011. Jefferson timely appealed this order.
¶ 13. We note that the circuit court incorrectly granted Jefferson leave to file his appeal in forma pauperis. Jefferson’s compensation claim is a civil matter. And “the right to appear in forma pauperis in a civil matter exists at the trial level only.” Ivy v. Merchant, 666 So.2d 445, 450 (Miss.1995) (citing Moreno v. State, 637 So.2d 200, 202 (Miss.1994); Nelson v. Bank of Miss., 498 So.2d 365, 366 (Miss.1986)). In contrast to Mississippi Code Annotated section 99-39-25 (Rev. 2007), which expressly permits a claimant under the Uniform Post-Conviction Collateral Relief Act to appeal “on such terms and conditions as are provided for in crimi *713 nal cases,” Mississippi Code Annotated section 11-44-11 (Supp.2011) entitles a compensation claimant “to appeal the decision as in other civil cases.” (Emphasis added). The compensation statute gave the circuit court no authority to grant Jefferson’s motion to proceed in forma pauperis. Consequently, the citizens of Yazoo County are unduly burdened to pay the costs of this appeal.
DISCUSSION
¶ 14. On appeal, Jefferson argues the circuit court erroneously dismissed his compensation claim against the State.[6] Specifically, Jefferson claims the circuit court dismissed his petition with prejudice without permitting him ninety days to refile.
¶ 15. The record clearly shows Jefferson’s petition was dismissed without prejudice. Section 11 — 44—3(1)—(2) lists specific requirements to establish a claim for compensation. And section 11-44-3(3) expressly authorizes the circuit court “on its own motion” to dismiss a claim “[i]f the court finds after reading the claim that the claimant has not demonstrated” the requirements of section 11 — 44—3(1)—(2). A dismissal under section 11-44-3(3) “shall be without prejudice to allow adequate refiling within ninety (90) days.”
¶ 16. The statute gave Jefferson the right to refile within ninety days. Nowhere in its order did the circuit court restrict this right by dismissing the petition with prejudice. And nowhere in the record did the circuit court deny Jefferson’s attempt to refile his petition. After dismissal, Jefferson chose not to refile his petition but instead filed an unsuccessful motion for reconsideration, followed by this appeal. Thus, it was his own ae-tions — and not the circuit court’s erroneous application of section 11-44-3(3) — that led to him not refiling a petition within ninety days.
¶ 17. This leaves us with the more salient issue — whether Jefferson’s petition, as filed, failed to meet the requirements of section 11 — 44—3(1)—(2) and, consequently, was properly dismissed under section 11-44-3(3). We review the circuit court’s dismissal of Jefferson’s claim de novo. See Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006) (reviewing motion to dismiss de novo). Further, this particular dismissal required interpreting a statute, which is a question of law that we likewise review de novo. See Coleman v. State, 947 So.2d 878, 880 (¶ 9) (Miss.2006).
¶ 18. Under section 11-44-3(1):
In order to present an actionable claim for wrongful conviction and imprisonment under this section, a claimant must establish by documentary evidence that:
(a) The claimant has been convicted of one or more felonies and subsequently sentenced to a term of imprisonment and has served all or any part of the sentence;
(b) On grounds not inconsistent with innocence:
(i) The claimant was pardoned for the felony or felonies for which sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
(ii) The judgment of conviction was vacated and/or reversed;
(c) If there was a vacatur or reversal, either the accusatory instrument was *714 dismissed or nol prossed; or if a new trial was held, the defendant was found not guilty;
(d) The claimant’s claim is not time-barred by the provisions of this chapter; and
(e) The claimant did not intentionally waive any appellate or post-conviction remedy otherwise available in order to benefit under this chapter.
And under section 11-44-3(2), “the claim shall be verified by the claimant.”
¶ 19. After review, we agree with the circuit court that Jefferson’s petition was deficient. While the circuit judge did not explain in her order why Jefferson’s petition failed to comply with section 11^14-3, we specifically find Jefferson failed to establish he met the requirements of section ll-44-3(l)(c).
¶ 20. As a preliminary matter, Jefferson attached no documentary evidence to his petition. See Miss.Code Ann. § 11-44-3(1). While this omission is a failure to strictly comply with the statute, we do take judicial notice of this court’s own published opinion — which Jefferson referenced in his petition — that states Jefferson was convicted of the felony of burglary and sentenced, and that his burglary conviction was reversed by this court. See Miss. Code Ann. §§ ll-44-3(l)(a), 11-44-3(l)(b)(ii).[7]
¶ 21. Even assuming this court’s opinion was enough to establish the requirements of section 11^44-3(l)(a), we find this court’s exercise of the direct-remand rale and mandate that Jefferson be resen-tenced for a lesser-included crime does not fit within the plain language of section 11-44 — 3(l)(c). This section makes clear that having a conviction vacated or reversed is not enough — just as the mere receipt of a pardon is not enough but, instead, the pardon must also expressly state it is based on the claimant’s innocence. Miss. Code. Ann. § ll-44-3(l)(b)(i).
¶ 22. Section 11^44-3(l)(c) clearly and unambiguously requires, “[i]f there was a vacatur or reversal,” the claimant must also establish by documentary evidence that “either the accusatory instrument was dismissed or nol prossed[,] or if a new trial was held, the defendant was found not guilty[.]” As written, this is an express additional requirement that Jefferson has failed to meet.
¶ 23. Jefferson argues because the effect of this court’s exercise of the direct-remand rale was that his indictment was nol prossed, he has met the statute’s requirements. Indeed, our goal in applying section 11-44-3(1) is “to give effect to the intent of the Legislature.” Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (¶ 7) (Miss.2011) (citing City of Natchez, Miss. v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992)). But we do this by looking to the language of the statute and applying its plain meaning when the words are clear and unambiguous. Id. It is not our function “to decide what a statute should provide, but to determine what it does provide.” Id. (citing Russell v. State, 231 Miss. 176, 181, 94 So.2d 916, 917 (1957)) (emphasis added). And while section 11-44 — 3(l)(c) does provide a viable claim for compensation when an accusatory instrument was nol prossed following reversal or a not-guilty verdict was obtained, it does not provide for a viable claim when a reversal was part of a direct remand for sentencing on a lesser-included crime.
*715 ¶ 24. This court is without authority to broaden the statute beyond its plain language. Lawson, 75 So.3d at 1027 (¶ 7) (citing Barbour v. State ex rel. Hood, 974 So.2d 232, 240 (¶ 13) (Miss.2008)). Therefore, we decline to create a claim where statutory requirements have not been met and criminal acts were still prevalent and sufficient for direct remand on a lesser criminal offense. We thus affirm the circuit court’s dismissal of Jefferson’s claim.
¶ 25. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. CARLTON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. IRVING, P.J., AND RUSSELL, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE OPINION.

. 2009 Miss. Laws Ch. 472.

. Wilful trespass is a misdemeanor punishable by imprisonment in the county jail for no longer than six months. Miss. Code Ann. § 97-17-87(1) (Rev.2006). Jefferson filed his direct appeal in 2006. See Jefferson, 977 So.2d at 431 (docket number indicating appeal was filed in 2006). Because Jefferson had already served at least six months in prison, it appears from Jefferson’s petition that he was released when the circuit court received this court's mandate in April 2008.

. Because we find Jefferson's compensation claim was properly dismissed, his request for appointed counsel to pursue this claim is moot. We do note that a claim for compensation under the wrongful-conviction-and-imprisonment statute is a civil action. Thus, no claimant has a constitutional or statutory right to counsel. Cf. Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir.2007) (holding "there is no automatic right to appointment of counsel in a civil rights case"). But Mississippi Code Annotated section 11 — 44—7(2)(b) does grant successful claimants the statutory right to reasonable attorney's fees.

. As no responsive pleading had yet been filed, we note Jefferson had the right to amend his petition as a "matter of course” under Mississippi Rule of Civil Procedure 15(a).

. In his brief, Jefferson asserts he filed a motion for reconsideration on November 24, 2010.

. Under section 11-44-5, the State is the only respondent to a statutory claim for compensation. Jefferson’s notice of appeal was only served on the Attorney General, the State’s designated representative. Id. No other named defendants are part of this appeal.

. We further note Jefferson provided no documentary evidence that he actually served part of his sentence prior to this court’s reversal of his burglary conviction. See Miss.Code Ann. § 11 —44—3 (1 )(a).