# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01759-SCT

*JASON HALL a/k/a JASON LADELL HALL a/k/a*
*JASON L. HALL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/09/2014 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| TRIAL COURT ATTORNEYS: | SAMUEL S. McHARD |
| | MARCUS McLELLAND |
| | LEE D. THAMES, JR. |
| | MALISSA WILSON |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CORY NATHAN FERRAEZ |
| | SAMUEL STEVEN McHARD |
| | MARCUS ALAN McLELLAND |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LEE DAVIS THAMES, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 03/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.    Jason Hall appeals from the Forrest County Circuit Court's dismissal of his petition

for statutory compensation under Mississippi's Compensation Act for Wrongful Conviction

and Imprisonment.  We find error IN the trial court's ruling that Hall had failed to establish

his innocence as required by Mississippi Code Section 11-44-7(1)(b) because the Order

Passing to Inactive Files was neither a dismissal nor a *nolle prosequi* ("nol pross") pursuant

to Section 11-44-3(c). Accordingly, we reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

## BACKGROUND

¶2.     On April 8, 2011, Hall and two others were indicted for burglary of a building. Hall was tried separately before a jury on July 10, 2012. At the conclusion of the trial, the State requested, over Hall's objection, a jury instruction for accessory after the fact to burglary (in addition to the burglary instruction). The jury acquitted Hall of burglary but convicted him of accessory after the fact. The trial court sentenced Hall as a habitual offender to five years' imprisonment in the custody of Mississippi Department of Corrections (MDOC) to be served day for day.

¶3.     Hall appealed his criminal conviction to this Court. We reversed Hall's conviction and vacated his sentence, finding that Hall was convicted of a crime for which he was not indicted, and that Hall did not waive indictment. ***Hall v. State***, 127 So. 3d 202 (Miss. 2013).

¶4.     On January 30, 2014, Hall filed a complaint against the State, seeking compensation under the Wrongful Conviction Act, Mississippi Code Section 11-44-1 to 15. The Mississippi Attorney General was served with the complaint on February 11, 2014. And the Attorney General's Office filed a motion to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, on the ground that Hall had failed to meet the prerequisites of Section 11-44-3, specifically Section 11-44-3(c). *See* Miss. Code Ann. § 11-44-3(a) (Rev. 2012).

¶5.     Subsequent to the State's Rule 12(b)(6) motion filing, the Forrest County District Attorney entered a Pass Order on March 10, 2014, in the underlying criminal matter. The

2

circuit court heard the State's motion on June 30, 2014. At the hearing, the State asked that the Pass Order be considered regarding the State's motion to dismiss. The State argued that the Pass Order showed that the charges against Hall had neither been dismissed nor nol prossed as required by Section 11-44-3(c).

¶6.     On July 11, 2014, the circuit court entered an order dismissing the matter with prejudice. The circuit court essentially found that Hall had failed to establish his innocence as required by Section 11-44-7(1)(b), because the Order Passing to Inactive Files was neither a dismissal nor a nol press pursuant to Section 11-44-3(c).

¶7.     Hall filed a motion to reconsider. Thereafter, the circuit court entered an agreed order setting aside the Order Passing to Inactive Files and stating that, pursuant to this Court's decision in *Hall v. State*, "there remains no charging document/indictment to pass to the file." The agreed order further stated that the State agreed that no further action would be taken to prosecute Hall in connection with burglary or for accessory after the fact to burglary, or any charges based on the acts and occurrences described in this Court's decision in *Hall v. State*.

¶8.     Hall then filed an amended complaint, attaching as exhibits documentary evidence including: (1) the indictment; (2) the jury verdict and sentencing order; (3) The MDOC inmate time sheet, this court's mandate and MDOC discharge certificate; (4) This Court's opinion in *Hall v. State*; (5) The agreed order of the Forrest County Circuit Court that no further action would be taken against Hall in connection with the acts or occurrences

3

described in *Hall v. State*. According to Hall, the State never filed an answer either to Hall's initial complaint or to his amended complaint.

¶9. The circuit court accepted Hall's amended complaint but denied Hall's motion to reconsider, based on the same grounds as in its previous order. The court also dismissed both Hall's complaint and his amended complaint with prejudice.

¶10. Hall appeals from this final judgment, raising a number of issues, all of which interrelate and correspond to one another to an extent that they may be discussed together. Accordingly, we do so under Hall's first issue.

> **Whether the trial court erred by holding Hall's complaint and amended complaint to the heightened requirements of Mississippi Code Section 11-44-7 before analyzing whether Hall met the requirement of Mississippi Code Section 11-44-3.**

¶11. Hall argues that the trial court erred in this instance by holding Hall's complaint to the standard set forth in Section 11-44-7 for purposes of the State's Rule 12(b)(6) motion to dismiss. He contends that the order structure and the sequence and language of the statutes at issue leave no question that Section 11-44-3 was intended for the initial pleading for presentment of the claim, whereas Section 11-44-7 was intended to establish the requisite proof at trial needed to obtain a final judgment. For support, Hall cites *Jefferson v. State*, 95 So. 3d 709, 711 (Miss. Ct. App. 2012), in which the court set out the order of procedure for claims under the Compensation Act as follows:

> Mississippi Code Annotated section 11-44-3 (Supp. 2011) sets forth what a claimant must establish in order to survive dismissal by the circuit court. If a claimant establishes a claim under section 11-44-3, he must then meet the burden of proof under Mississippi Code Annotated section 11-44-7(1) (Supp. 2011). If a claimant meets this burden, he or she is entitled to "Fifty Thousand

4

Dollars ($50,000.00) for each year of incarceration regardless of the number of felonies for which a claimant was convicted" and reasonable attorney's fees. Miss. Code Ann. § 11-44-7(2) (Supp. 2011).

¶12. The State argues that Hall fails to meet all the prerequisites for a claim for compensation pursuant to Section 11-44-3(1). Namely, Hall meets prerequisite Section 11-44-3(1)(a) in that he was convicted of a felony and served time, and Hall meets prerequisite Section 11-44-3(1)(b)(ii), as he attached this Court's mandate in *Hall v. State*, reversing his conviction and vacating his sentence. However, Hall failed to establish by documentary evidence that the charge has been "dismissed or nol prossed, or if a new trial was held the defendant was found not guilty," pursuant to Section 11-44-3(1)(c). Accordingly, the State maintains that the trial court properly dismissed the claim. For support, the State also relies on *Jefferson*, 95 So. 3d 709.

¶13. In *Jefferson*, Dennis Jefferson petitioned the State for compensation under the Wrongful Conviction Act, after the Court of Appeals had reversed Jefferson's burglary conviction on appeal in *Jefferson v. State*, 977 So. 2d 431, 437-38 (Miss. Ct. App. 2008). In the criminal appeal, the Court of Appeals found there was insufficient evidence to support Jefferson's burglary conviction. *Id*. at 437. But, as found by the Court of Appeals, there was sufficient evidence to support the offense of willful trespass. *Jefferson*, 977 So. 2d at 438. Accordingly, Jefferson was resentenced under Mississippi's direct-remand rule to the lesser-included offense of willful trespass. *Id*. In Jefferson's civil appeal, the Court of Appeals affirmed the circuit court's dismissal of Jefferson's petition on the basis that it failed to

comply with the prerequisites prescribed by Section 11-44-3. ***Jefferson***, 95 So. 3d at 710-14. In construing the Wrongful Conviction Act, the Court of Appeals explained that:

> Section 11-44-3(1)(c) clearly and unambiguously requires, "[i]f there was a vacatur or reversal," the claimant must also establish by documentary evidence that "either the accusatory instrument was dismissed or nol prossed[,] or if a new trial was held, the defendant was found not guilty[.]" As written, this is an express additional requirement that Jefferson has failed to meet.

***Id***. at 714.

¶14. In speaking to Jefferson's argument that he met Section 11-44-3(1)(c)'s requirements because (according to Jefferson) the effect of the court's exercise of the direct-remand rule was that his indictment was nol prossed, the Court of Appeals said as follows:

> Indeed, our goal in applying section 11–44–3(1) is "to give effect to the intent of the Legislature." ***Lawson v. Honeywell Int'l, Inc.***, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011) (citing ***City of Natchez, Miss. v. Sullivan***, 612 So. 2d 1087, 1089 (Miss. 1992)). But we do this by looking to the language of the statute and applying its plain meaning when the words are clear and unambiguous. ***Id.*** It is not our function "to decide what a statute should provide, but to determine what it does provide." ***Id***. (citing ***Russell v. State***, 231 Miss. 176, 181, 94 So. 2d 916, 917 (1957)) (emphasis added). And while section 11–44–3(1)(c) does provide a viable claim for compensation when an accusatory instrument was nol prossed following reversal or a not-guilty verdict was obtained, it does not provide for a viable claim when a reversal was part of a direct remand for sentencing on a lesser-included crime.

***Id***.

¶15. This case is distinguishable from ***Jefferson***. Here, Hall was acquitted of the charged crime of burglary, but he was convicted of the felony offense of accessory after the fact. As mentioned, this Court reversed Hall's conviction and vacated Hall's sentence because the State was not permitted to seek a conviction for an uncharged offense whose elements are

6

not included of the offense charged in the indictment. **Hall**, 127 So. 3d at 207.[1] Following

this Court's ruling in Hall's criminal appeal, and after Hall petitioned for wrongful-

conviction compensation, the district attorney passed the case to the files.

¶16.    The State is correct that passing a case to the files is different from a *nolle prosequi*

action.  As noted in **Walton v. City of Tupelo**, 229 Miss. 193, 196, 90 So. 2d 193, 194

(1956), "[t]he usual practice is that when a case is merely passed to the files at the instance

of the prosecution, it may be later revived on motion and tried on its merits in the same court,

but where a nolle prosequi is entered the particular case is at an end on the docket . . . ."  In

**Gordon v. State**, 127 Miss. 396, 90 So. 95 (1921), this Court explained:

> The district attorney may be willing to pass an indictment to the files pending
> good behavior, or for other cause, when he would be unwilling to recommend
> a nolle prosequi, and it often happens that a defendant is willing to accept this
> arrangement as the best settlement available.  It may be that the passage of an
> indictment to the files is usually the end of the matter, but it is in no sense an
> acquittal of the charge.  It simply postpones the evil day if the district attorney
> shall, in the future, elect to withdraw it and proceed to trial.

¶17.    Here, though, what the district attorney passed to the files was the indictment for

cause number 11-178CR, which is what comprised Hall's burglary-of-a-building charge.

Based on double-jeopardy grounds, because Hall was acquitted of the burglary charge by a

---

[1] When Hall's criminal appeal was decided, **Griffin v. State**, 533 So. 2d 244 (Miss. 1988), controlled, which had instituted the so-called lesser-nonincluded-offense doctrine. Under **Griffin**, criminal defendants could seek convictions for lesser offenses if the evidence supported it, despite whether the elements of the particular lesser offense were included in the greater offense charged in the indictment.  But only criminal defendants could request a lesser-nonincluded-offense instruction, not the State.  This was because constitutional notice considerations forbid the prosecution from receiving an instruction on an offense whose elements were not included in the indictment.  This Court overruled **Griffin** and its progeny in **Hye v. State**, 162 So. 3d 750 (Miss. 2015), thereby disallowing criminal defendants the right to request lesser-nonincluded-offense instructions.

jury, Hall is entitled to a dismissal of the indictment with prejudice, as that was the only charge contained in the indictment. Contrary to the State's contention and the circuit court's ruling, this particular case meets the statutory prerequisites of Section 11-44-3(1)(c).

¶18. This was not the case in *Jefferson*. There, the petitioner's indictment was not dismissed or nol prossed, because, as the Court of Appeals found, sufficient evidence was presented at Jefferson's criminal trial to prove the offense of willful trespass, and Mississippi's direct-remand rule was put into effect. Under the direct-remand rule, an appellate court may remand a case to the trial court for sentencing on a lesser-included offense where the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met. *See Shields v. State*, 722 So. 2d 584, 587 (Miss. 1998) (explaining the logic behind the rule was that "guilt of true lesser-included offense is implicitly found in the jury's verdict of guilt on the greater offense"). Thus, the Court of Appeals found that Jefferson could not meet the statutory prerequisites of Section 11-44-3(1)(c).

¶19. In this instance, however, the offense for which Hall was convicted and sentenced, accessory after the fact, is not a lesser-included offense of burglary of building, as charged in the indictment for cause number 11-178CR. *See Byrom v. State*, 863 So. 2d 836, 874 (Miss. 2003) ("We have repeatedly held that the crime of accessory after the fact is an entirely separate and distinct offense and not a constituent part of a [principal] offense so as to be a lesser included offense."). Thus, there is (or was) no indictment for the accessory-after-the-fact offense for which Hall was convicted and sentenced, to either dismiss, nol

8

pross, or pass to the files. And because Hall is entitled to have his indictment comprising his burglary charge dismissed with prejudice, Hall therefore meets the statutory prerequisites of Section 11-44-3(1)(c). Accordingly, the circuit court's finding that Hall had failed to establish his innocence as required by Section 11-44-7(1)(b), on the basis that the Order Passing to Inactive Files was neither a dismissal nor a nol pross pursuant to Section 11-44-3(1)(c), was error.

¶20. Having found that Hall met Section 11-44-3's prerequisites, we reverse the circuit court's ruling and remand the matter to the circuit court for an evidentiary determination under Section 11-44-7, after the parties have had an opportunity to conduct discovery in accordance with the Mississippi Rules of Civil Procedure.

## CONCLUSION

¶21. For these reasons, we reverse the circuit court's judgment and remand the case to the Circuit Court of Forrest County for further proceedings consistent with this opinion.

¶22. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN AND MAXWELL, JJ., CONCUR.**

9