WILSON, J.,
for the Court:
¶ 1. Jamar Moore was convicted of possession of a Schedule II controlled substance, a felony, and sentenced to sixteen years’ imprisonment, but he was later released on a motion for post-conviction relief (PCR). His PCR motion, which the State did not oppose, was based ón a chemical analysis by the State Crime Laboratory that showed that the pills Moore was convicted of possessing were not a Schedule II controlled substance — they were a Schedule III controlled substance, possession of which is punishable only as a misdemeanor. The circuit court granted Moore’s PCR motion, he was released from prison, and the State nolle prossed his indictment.
¶ 2. Moore then brought this civil action under state statutes authorizing compensation for persons wrongfully convicted of felonies. He seeks compensation for the two years and 235 days he was incarcerated. The circuit court granted summary judgment for the State based on a statutory requirement that the claimant show that his conviction was vacated “[o]n grounds not inconsistent with innocence.” Miss.Code Ann. § 11-44 — 3(l)(b) (Rev. 2012). The circuit court reasoned that Moore was not innocent — he was just convicted of the wrong crime. We conclude, however, that the statutory provision refers to innocence of all felonies for which the claimant has been indicted, convicted, and incarcerated. There is no dispute that Moore’s conduct did not constitute a felony. Nor is there any dispute that the State nolle prossed Moore’s indictment, which satisfies section ll-44-3(l)(e)’s separate requirement of a favorable outcome on the underlying indictment. We therefore reverse and render on the issue of liability. We remand the case for a determination of the amount of compensation Moore is entitled to receive.
FACTS AND PROCEDURAL HISTORY
¶ 3. Moore delivered pizzas for Domino’s Pizza in Clarksdale. Unbeknownst to Moore, one of his coworkers was also a confidential informant (Cl) for the Clarks-dale Police Department. On a day that the Cl and Moore were both working, the Cl told the police that Moore had two ounces of marijuana in his car. Moore picked up a large order of pizzas from the store and was on his way to deliver them when he was stopped for failing to signal a *778 turn. The officer who approached his car “noticed a strong odor of marijuana emanating from it,” so' he searched the car and Moore’s person. No drugs were found in the car, but Moore had two sandwich bags of marijuana and eleven pills in his pants, Moore was released without arrest after agreeing to “work off his charges” as a Cl, but he “did not. adequately assist law enforcement as a Cl,” so he was prosecuted. The grand jury indicted him for possession of hydrocodone, a Schedule II controlled substance, and possession of marijuana.
¶ 4. At trial, Moore testified that his coworker, who was in the process of “working off’ his own marijuana possession charge at the time, set him up. Moore believed that his coworker planted the marijuana in his car while loading the pizzas that Moore was to deliver. Moore said that when the police pulled him over, he opened his glove compartment to get his insurance card and was surprised to find marijuana there. He quickly put the drugs in his pants to hide them from the police. He admitted the pills were his. He testified that he took them for a back injury, although he did not have a prescription and obtained them from “various places, people.” The jury convicted Moore of possession of hydrocodone, a Schedule II controlled substance, but acquitted him of possession of marijuana.
¶ 5. Moore was sentenced as a habitual offender to serve sixteen years in the custody of the Mississippi Department of Corrections without the possibility of parole or probation. Miss.Code Ann. §§ 41-29-139(c)(1)(C) (Rev.2013) & 99-19-81 (Rev. 2015). This Court affirmed his conviction and sentence on appeal. Moore v. State, 64 So.3d 542 (Miss.Ct.App.2011).
¶6. Moore subsequently discovered a Mississippi Crime Laboratory report showing that his pills were actually a Schedule III preparation of hydrocodone and acetaminophen, not Schedule II hydro-codone.[1] Possession of eleven dosage units of the Schedule III substance is a misdemeanor punishable by imprisonment of not more than one year. See Miss.Code Ann. § 41-29-139(c)(3)(A) (Rev.2013). The State had produced the crime lab report in discovery, but its significance apparently was overlooked, and it was not introduced at trial. Upon discovering the report, Moore filed a PCR motion. By the time he did so, he had already served more than two and a half years of his sentence. In his motion, Moore expressly admitted that he committed the misdemeanor offense of possession of a Schedule III substance, and he moved to amend his judgment of conviction to show conviction of a misdemeanor, to be resentenced for that offense, and to be released immediately. The State did not oppose Moore’s PCR motion, and the circuit court granted the motion, vacated the conviction, and ordered Moore’s immediate release. When he was released, Moore had served two years and 235 days in prison. Rather than pursuing a misdemeanor charge, the State moved to nolle pros Moore’s indictment for possession of hydrocodone. The circuit court granted the State’s motion and adjudged the indictment nolle prossed.
¶ 7. After he was released from prison, Moore filed a civil complaint under the provisions of chapter 44 of title 11 of the Mississippi Code Annotated, which provides compensation for persons wrongfully convicted. The State answered by denying that Moore was entitled to compensation, and the parties subsequently filed *779 cross-motions for summary judgment. The circuit court denied Moore’s motion and granted summary, judgment in favor of the State. The-court reasoned that because Moore admitted that he was guilty of misdemeanor possession of a Schedule III controlled substance, he could not show that his conviction was vacated on grounds consistent with innocence, as required by Mississippi Code Annotated section 11-44-3(l)(b)(ii). As the court put it, Moore was “guilty of a controlled substance crime,” but he “was convicted of the wrong controlled substance crime.” Moore timely filed a notice of appeal.
ANALYSIS
I. Relevant Statutory Provisions
¶ 8. There are no genuine issues of material fact in this case. The only issue is one of statutory interpretation, so our standard of review is de novo. Wallace v. Town of Raleigh, 815 So.2d 1203, 1206 (¶ 7) (Miss.2002). Our focus is Mississippi Code Annotated section 11-44-3 (Rev. 2012), which provides, in relevant part, that in order to state an “actionable claim” for a wrongful conviction, and thereby survive summary dismissal:
(1) ... [A] claimant must establish by documentary evidence that:
(a) The claimant has been convicted of one or more felonies and subsequently sentenced to a term of imprisonment and has served all or any part of the sentence;
(b) On grounds not inconsistent with innocence:
(i) The claimant was pardoned for the felony or felonies for which sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
(ii) The judgment of conviction was vacated and/or reversed;
(c)If there was a vacatur or reversal, either the accusatory instrument was dismissed or nol prossed; or if a new trial was held, the defendant was found not guilty....
There is no dispute that Moore was convicted of a- felony, that he served part of his sentence, that his conviction was vacated, and' that the indictment was nolle prossed. The only dispute is whether his conviction was vacated “[o]n grounds not inconsistent with innocence.” We will return to this issue shortly.
¶ 9. A related provision, Mississippi Code Annotated section 11-44-7 (Rev. 2012), provides in relevant part that in order to obtain a judgment and compensation for a wrongful conviction:
(1) ... [A] claimant must prove by a preponderance of the evidence that:
(a) He was convicted of one or more felonies and' subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
(i) He has been pardoned for the felony or felonies for which he was sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
(ii) His judgment of conviction was reversed or vacated; and
1. The accusatory instrument was dismissed or nol prossed; or
2. If a new trial was ordered, he was found not guilty at the new trial; and .
(b) He did not commit the felony or felonies for which he was sentenced and which are the grounds for the complaint, or the acts or omissions for *780 which he was sentenced did not constitute a felony....
There is no dispute that Moore satisfies the provisions of this section: he was convicted of a felony, he served more than two years of his sentence, his conviction was vacated, the indictment was nolle prossed, and the conduct for which he was sentenced constituted a misdemeanor, not a felony. The State does not address and effectively concedes these points; however, the State argues that whether Moore satisfies section 11-44-7 is “irrelevant” because he fails to state an “actionable” claim under section 11-44-S.
¶ 10. “The function of the Court is not to decide what a statute should provide, but to determine what it does provide.” Lawson v. Honeywell Int'l, Inc., 75 So.3d 1024, 1027 (¶ 7) (Miss.2011) (emphasis added). (<It is elementary that in applying a statute, this Court will look first to that statute’s own words.” Pinkton v. State, 481 So.2d 306, 309 (Miss.1985). “If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction.” Id. “[W]e look to the rules of statutory construction for guidance” only “[w]hen statutes are ambiguous and potentially in conflict.” Tunica Cty. v. Hampton Co. Nat’l Sur., 27 So.3d 1128, 1133 (¶ 14) (Miss. 2009). Among these, “[i]t is a well-settled rule of statutory construction that when two statutes pertain to the same subject, they must be read together in light of legislative intent.” Id. at (¶ 15). “[I]n construing statutes in pari materia, ... all of the relevant statutes must be taken into consideration, and a determination of legislative intent must be made from the statutes as a whole.” Martin v. State, 501 So.2d 1124, 1127 (Miss.1987) (emphasis added); accord Lawson, 75 So.3d at 1029 (¶ 15). “Even when statutes are in apparent conflict, they should if possible be construed in harmony with each other to give effect to each.” Carl Ronnie Daricek Living Tr. v. Hancock Cty. ex rel. Bd. of Sup’rs, 34 So.3d 587, 599 (¶ 25) (Miss.2010) (quotation marks omitted).
¶ 11. The plain language of section 11-44-3 requires a claimant to show (a) that he was “convicted of one or more felonies” and (b) that his “conviction was vacated” “[o]n grounds not inconsistent with innocence.” Miss.Code Ann. §11-44-3(1)(a), (b)(ii). We conclude that the requirement in paragraph (b) that the conviction be vacated on grounds consistent with innocence is most naturally and plainly read to refer to innocence of the felony or felonies referenced in the immediately preceding paragraph (a) — not to some broader notion of “innocence” of any and all related criminal activity, including misdemeanors. In this case, there is no dispute that Moore was innocent of felony possession of a Schedule II controlled substance — and committed a misdemeanor only.
¶ 12. Moreover, eyen if we concluded that section 11-44-3 were ambiguous standing alone, settled rules of statutory interpretation would oblige us to read it together with chapter 44’s other provisions — and to avoid potential conflict between those provisions if possible. See Carl Ronnie Daricek Living Tr., 34 So.3d at 599 (¶ 25); Tunica Cty., 27 So.3d at 1133 (¶ 15); Martin, 501 So.2d at 1127. As discussed above, Moore clearly satisfies section 11-44-7’s several requirements for obtaining a judgment and compensation for a wrongful conviction. In addition, that section specifically contemplates that compensation may be paid in cases in which the claimant either “did not commit the felony or felonies for which he was sentenced ... or the acts or omissions for which he was sentenced did not constitute *781 a felony.” Miss.Code Ann. § 11-44-7(l)(b) (emphasis added). The emphasized language fits Moore’s claim to a “T.” His conduct constituted a crime — but not “a felony.” The Legislature easily could have used the word “crime” instead of “felony,” which would have required the claimant to prove his innocence not only of the felony but also of any and all related misdemeanors. But the Legislature chose the word “felony,” and we apply the statute as it is written.
¶ 13. As noted above, the State argues that whether Moore satisfies the conditions of section 11-44-7 is wholly “irrelevant” until Moore first establishes an “actionable claim” pursuant to section 11-44-3. We disagree. “[W]hen two statutes pertain to the same subject, they must be read together[.]” Tunica Cty., 27 So.3d at 1133 (¶ 15). “[AJll of the relevant statutes must be taken into consideration, and a determination of legislative intent must be made from the statutes as a whole.” Martin, 501 So.2d at 1127 (emphasis added). We do not believe that it is reasonable to interpret section 11-44-3 to require summary dismissal of a claim for which compensation is authorized under the terms of section 11-44-7. Section 11-44-3 is more reasonably interpreted to avoid that anomaly. See Tipton v. State, 150 So.3d 82, 84 (¶ 7) (Miss.2014) (“[T]he Court must ‘carefully review statutory language and apply its most reasonable interpretation and meaning ....’” (quoting Caldwell v. N. Miss. Med. Ctr., 956 So.2d 888, 891 (¶ 10) (Miss.2007))). Therefore, in our view, section 11-44-7 supports Moore’s interpretation of section 11-44-3.[2] The provision requires a claimant to show that his conviction was set aside on grounds consistent with his innocence of all felonies for which he has been indicted, convicted, and incarcerated.
II. Our Opinion in Jefferson v. State
¶ 14. In adopting a different interpretation of section 11-44-3, the circuit court relied in part on our decision in Jefferson v. State, 95 So.3d 709 (Miss.Ct.App.2012). And on appeal, the State argues that Moore’s claim “is foreclosed by” Jefferson. In Jefferson, this Court had reversed the defendant’s conviction for burglary of a dwelling because the evidence was insufficient to support the conviction, but applying the “direct remand rule,”[3] we held *782 that the evidence was sufficient to convict him of the lesser-included misdemeanor offense of trespass, so we- remanded for resentencing for trespass. See Jefferson, 95 So.3d at 711 (¶¶ 5-7); Jefferson v. State, 977 So.2d 431, 436-38 (¶¶ 12-18) (Miss.Ct.App.2008). In a subsequent decision, we held that Jefferson was not entitled to compensation for his incarceration because he could not satisfy “the plain language of section 11 — 44—3(l)(c).” Jefferson, 95 So.3d at 714 (¶ 21). That is, he could not show that his indictment had been nolle pressed or dismissed because the reversal of his conviction on appeal “was part of a direct remand for sentencing on a lesser-included crime.” Id. at (¶ 23).
¶ 15. Although there are similarities between Jefferson and this case, we conclude that it is distinguishable and therefore is not controlling.. First, Jefferson did not interpret or even discuss section 11-44-3(l)(b)’s requirement that the claimant’s conviction must have been vacated on grounds consistent with innocence. Rather, it held that Jefferson’s claim failed for the more straightforward reason that he could not satisfy paragraph (c)’s separate requirement that his indictment must have been dismissed or nolle pressed. Jefferson, 95 So.3d at 714 (¶¶ 19-23). Thus, Jefferson ⅛ holding has no bearing on the present case, as it is undisputed that Moore’s indictment was nolle pressed.
¶ 16. The State emphasizes the following language found near the end of our opinion in Jefferson: “[W]e decline to create a claim where statutory requirements have not been met and criminal acts were still prevalent and sufficient for direct remand on a lesser criminal offense.” Id. at 715 (¶24) (emphasis added). However, the State’s reliance on this sentence is misplaced. We denied relief in Jefferson because the “statutory requirements ha[d] not been met.” Id. Jefferson’s indictment was neither nolle pressed nor dismissed. Id. We did not create out of whole cloth any additional non-statutory requirement for compensation. (Indeed, we noted that “[t]his Court is without authority to broaden-the statute beyond its plain language.” Id.) In this case, in contrast, the “statutory requirements” are met.
¶ 17. Finally, we also cannot accept the State’s assumption that misdemeanor possession of a Schedule III controlled substance is a “lesser-included offense” of felony possession of a Schedule II controlled substance.[4] The nature of the controlled substance a defendant is charged with possessing is an essential element of the crime, and the identity of *783 the substance must be proven beyond a reasonable doubt. See Watkins v. State, 101 So.3d 628, 632 (¶ 13) & n. 10 (Miss. 2012). Moreover, the concept of lesser-included offenses is inapposite in this context. “A lesser included offense by definition is one in which all its essential ingredients are contained in the offense for which the accused is indicted.... An accused could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser-included offense.” Hye v. State, 162 So.3d 750, 754 (¶ 8) (Miss.2015) (quoting Porter v. State, 616 So.2d 899, 909-10 (Miss.1993) (Hawkins, C.J., specially concurring)). But in this case, ah essential element of the lesser offense — proof that the defendant possessed a Schedule III preparation of hy-drocodone and acetaminophen — is not “contained in” the greater offense, which instead demands proof of possession of Schedule II hydrocodone. Because the two offenses involve different controlled substances, a defendant who is guilty of the greater offense cannot, by definition, be guilty of the lesser. The two offenses contain elements that are mutually exclusive.
¶ 18. Because the misdemeanor offense that Moore committed was not a lesser-included offense of the offense of which he was convicted, the direct remand rule could not have applied to Moore’s conviction. .As the Supreme Court has explained, under the direct remand rule, “no new trial is required and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense.” Shields v. State, 722 So.2d 584, 585 (¶ 7) (Miss.1998) (emphasis added). “The logical underpinnings for this rule .... have long been grounded on the fact that guilt of a true lesser included offense is implicitly found in the jury’s verdict of guilt on the greater offense.” Id. (emphasis added). Here, the question whether Moore possessed a Schedule III controlled substance was not submitted-to the jury — nor could the jury have so found, since no evidence of such a substance was presented at trial. Thus, to apply the direct remand rule to Moore’s conviction would have required the court to address an issue that was not litigated at his trial; it also would have amounted to a constitutionally impermissible. supplementation of the jury’s findings. See Harrell v. State, 134 So.3d 266, 273 (¶ 25) (Miss.2014). The inapplicability of the direct remand rule further distinguishes this case from Jefferson.
¶ 19. Thus, to summarize, Jefferson is not controlling because it addressed a different paragraph of section 11-44-3. ' It did not address the paragraph at issue in this case. Jefferson is also distinguishable because the defendant in that' case was guilty of a lesser-included offense, for which he was sentenced pursuant to the direct remand rule. Moore, in contrast, is not guilty of any lesser-included offense, and he ’could not have been resentenced under the direct remand rule. Therefore, writing on a clean slate, we have interpreted section ll-44-3(l)(b), as set forth above, based on its plain language and in a manner consistent with other relevant statutory provisions.
III. The Dissent
¶ 20. Citing a Texas case and a Louisiana case, the dissent says that “[jurisprudence establishes that where a greater conviction is reversed on sufficiency-of-evi-denee grounds, but the record establishes guilt of a lesser-included offense, the defendant has failed to prove grounds not inconsistent with innocence.” For the reasons discussed above, Moore was not guilty of any lesser -included offense. More important, the two cases that the *784 dissent cites-are irrelevant to the statutory interpretation issue before us.
¶ 21. The Texas case turned on the Texas statute’s use of the term “actual innocence,” a recognized “term of art” in post-conviction proceedings in Texas state courts. State ex rel. Abbott v. Young, 265 S.W.3d 697, 705 (Tex.Ct.App.2008). Based on the Texas Legislature’s use of the term of art, the court held that compensation was available only to persons whose convictions were overturned in post-conviction proceedings — and adopted a per se rule that no person whose conviction was reversed on direct appeal was entitled to compensation. See id. at 707-08. The case had nothing to do with the defendant’s guilt or innocence of some other prime. .Moreover, our own statute does not use the term “actual innocence” or any similar term of art.
¶ 22. The Louisiana case discussed provisions of the Louisiana statute that state that a claimant must prove “that he is factually innocent” and that “ ‘factual innocence’ means that the [claimant] did not commit the crime for which he was convicted and incarcerated nor did he commit any crime based upon the same set of facts used in his original conviction.” La. Stat. Ann. § 15:572.8.A-B (emphasis added); see In re Williams, 984 So.2d 789, 791-92 (La.Ct.App.2008). As discussed above, there is no comparable language in our own statute. Our Legislature could have required a claimant to prove his innocence of “any crime,” but it did not do so. Instead, our statute requires the claimant to prove that he “did not commit the felony or felonies for which he was sentenced ... or the acts or omissions for which he was sentenced did not constitute a felony.” Miss.Code Ann. § 11 — 44—7(l)(b) (emphasis added). Moore satisfies this standard because there is no dispute that the conduct for which he was convicted, sentenced, and imprisoned constituted only a misdemean- or. This notable difference between Louisiana’s statute and our own only serves to highlight that Moore’s claim is viable under our statute.
CONCLUSION
¶ 23. It is not our role “to decide what a statute should provide, but to determine what it does provide.” Lawson, 75 So.3d at 1027 (¶ 7) (emphasis added). Section 11-4-3 provides that a claimant states an “actionable claim” for compensation for a wrongful conviction when, as relevant in this case, he submits documentary evidence that (a) he was “convicted of one or more felonies” and “has served ... any part of’ a resulting prison sentence; (b) his “conviction was vacated” “[o]n grounds not inconsistent with innocence”; and (c) his indictment was nolle prossed. Moore satisfies these requirements because his conviction was vacated on the ground that he was innocent of the sole felony of which he was convicted. Because Moore also satisfies the' requirements of section 11-44-7, and because there are no genuine issues of material fact, we reverse and render as to liability and remand the case to the circuit court to determine appropriate compensation under section 11-44-7.[5]
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA *785 COUNTY IS REVERSED, RENDERED, AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, ■ P.JJ., ISHEE, FAIR, JAMES AND GREENLEE, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. See Miss.Code Ann.' §§ 4Í-29-115(A)(a)(l)(vi) & 41-29-117(A)(e)(4) (Rev. 2013).

. If a statute is ambiguous, "this Court also may look to the historical background, its subject matter, and the purposes and objects to be accomplished.”. Tipton, 150 So.3d at 84 (¶ 7). Here, the Legislature expressly stated the statute's purposes and objects:
The Legislature finds that innocent persons who have been wrongly convicted of felony crimes and subsequently imprisoned have been uniquely victimized, have distinct problems reentering society, and should be compensated. In light of the particular and substantial horror of being imprisoned for a crime one did not commit, the Legislature intends by enactment of the provisions of this chapter that innocent people who are wrongfully convicted be able to receive monetary compensation.
Miss.Code Ann. § 11-44-1 (Rev.2012) (emphasis added). Though this general statement of legislative intent may prove useful in some cases, it provides little guidance on the interpretive issue before us. It does not clearly state whether a person is "innocent” if they are innocent of the "felony crimes” of which they were wrongly convicted — or only if they are innocent of all related crimes, including misdemeanors. Given the limitations of this statement of legislative intent, it cannot vary the plain language of section 11-44-3, read together with the related substantive provisions of the statute.

. "Utilizing the direct-remand rule, an appellate court may remand a case to the trial court for sentencing on a lesser-included offense where the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met.” Snowden v. State, 131 So.3d 1251, 1259 (¶ 22) (Miss.Ct. App.2014) (citing Shields v. State, 722 So.2d 584, 587 (¶ 7) (Miss. 1998)).

, ' The State cites one out-of-state case for the proposition that possession of one controlled substance may be a lesser-included offense of possession of another, see People v. Valdez, 56 P.3d 1148, 1152 (Colo.App.2002), but there is also authority, albeit much of it unpublished, that suggests otherwise. See Ruiz-Vidal v. Lynch, 803 F.3d 1049, 1054 (9th Cir.2015) ("The only way a conviction for 'possession of a controlled substance’ can be a lesser included offense to the crime of ‘sale of methamphetamine’ is if the drug the defendant is convicted of possessing is methamphetamine,”); State ex rel. Sawyer v. Outcalt, No. C-74636, 1975 WL 182104, at *2 (Ohio Ct. App. Apr. 7, 1975) ("An hallucinogen ... obviously is not the same thing as a narcotic drug”; therefore, a charge of felony possession of a narcotic "does not contemplate or permit as a lesser included offense the misdemeanor possession of an hallucinogen[.]”); Sheth v. State, No. 05-93-00237-CR, 1994 WL 465554, at *4 n. 5 (Tex.Ct.App. Aug. 30, 1994) ("[W]e recognize that a very real issue may exist regarding whether the delivery of one controlled substance can ever be a lesser-included offense of delivery of another controlled substance....”); State v. Stone, No. 36199-6-1, 1997 WL 79456, at *2 (Wash.Ct.App. Feb. 24, 1997) ("Possession of one controlled substance is not an element of possession of a different drug with the intent to deliver.”).

. In the circuit court, the State argued that Moore’s compensation should be reduced to account for the possibility that he could have been sentenced to up to one year in prison had he been convicted of misdemeanor possession; the State also argued that Moore was not entitled to pro rata compensation for partial years served. However, the circuit court did not address these issues, reasoning that the proper measure of damages was a moot point once the court granted the State’s motion for summary judgment. These issues were not briefed on appeal and may be revisited on remand.