CARLTON, J„
dissenting:
¶ 25. I dissent from the majority’s decision finding that Moore satisfied the requirements of Mississippi Code Annotated section 11-44-3 (Rev.2012) of showing grounds not inconsistent with innocence-factual or actual innocence. I submit that the statute requires factual innocence, not legal innocence. The facts of this particular case establish that Moore failed to show factual, or actual, innocence. Moore was convicted of illegally possessing hy-drocodone, a schedule II controlled substance. The undisputed facts show Moore indeed illegally possessed hydrocodone, but his conviction was reversed because the amount of hydrocodone in each pill violated schedule III, not schedule II. Hence, Moore’s conviction for violating schedule II was reversed due to a sufficiency-of-evidenee issue, and he fails to establish factual or actual innocence.
¶ 26. Mississippi Code Annotated section 11-44-1 (Rev.2012) sets forth the Legislature’s intent that innocent persons wrongfully convicted and subsequently wrongly imprisoned have been uniquely victimized. Section 11-44-3 sets forth the elements that a claimant must prove in order to establish a viable claim for compensation for such wrongful conviction and imprisonment:
(1) In order to present an actionable claim for wrongful conviction and imprisonment ..., a claimant must establish by documentary evidence that:
(a) The claimant has been convicted of one or more felonies and subsequently sentenced to a term of imprisonment and has served all or any part of the sentence;
(b) On grounds not inconsistent with innocence:
(i) The claimant was pardoned for the felony or felonies for which sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
(ii) The judgment of conviction was vacated and/or reversed;
(c) If there was a vacatur or reversal, either the accusatory instrument was dismissed or nol prossed; or if a new trial was held, the defendant was found not guilty....
¶ 27. Jurisprudence establishes that where a greater conviction is reversed on sufficiency-of-evidence grounds, but the record establishes guilt of a lesser-included offense, the defendant has failed to prove grounds not inconsistent with innocence. See State ex rel. Abbott v. Young, 265 S.W.3d 697, 701 (Tex.Ct.App.2008) (finding statutory language required factual innocence, not legal innocence, in dismissing claim of former prisoner who obtained reversal of his appeal and acquittal on direct appeal based upon legal insufficiency of evidence); accord In re Williams, 984 So.2d 789, 793-94 (La.Ct.App.2008). In Jefferson v. State, 95 So.3d 709, 714-15 (¶¶ 21-24) (Miss.Ct.App.2012), the defendant, Jefferson, sought compensation since his burglary conviction had been reversed. However, this Court found that since the case was remanded to resentence Jefferson for the lesser-included misdemeanor of willful trespass, then he failed to meet the *786 burden of proof to establish a claim for compensation. Id.
¶ 28. In the present case, Moore was convicted of illegally possessing eleven dosage units of hydrocodone, a schedule II controlled substance. Moore was granted relief on a petition' for postconviction relief because a drug-analysis report reflected that the hydrocodone Moore wrongfully and unlawfully .possessed consisted of a mixture of hydrocodone and acetapheta-mine. Thus, the illegal hydrocodone substance Moore possessed actually constituted a schedule III controlled substance, due to the percentage of hydrocodone in the mixture, rather than a schedule II controlled substance. Moore admitted that he possessed no prescription for the controlled substances he unlawfully possessed, and the record reflects his guilt of a misdemeanor for his unlawful possession of the schedule III controlled substance. Moore thus fails to meet his burden of proof of showing grounds not inconsistent with innocence, and I therefore dissent.